WINTHROP, STIMSON, PUTNAM & ROBERTS, Bankers Trust Company, as Agent, Burton M. Freeman, O'Melveny & Myers and Adam C. Harris, Appellants,

v.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ST. JOHNSBURY TRUCKING COMPANY, Plaintiff Appellee,

and

William M. Clifford, Defendant-in-Counterclaim Appellee.

No. 2:94CV322.

United States District Court, D. Vermont.

July 26, 1995.

Order Clarifying Ruling Aug. 10, 1995.

---

Spencer R. Knapp, Burlington, VT, Geoffrey J. Vitt, Norwich, VT, Peter F. Langrock, Middlebury, VT, for appellants.

Nancy J. Creswell, Montpelier, VT, James L. Sigel, Boston, MA, for defendant-in-counterclaim appellee.

### RULING ON EMERGENCY MOTIONS FOR STAY AND EMERGENCY MOTION FOR LEAVE TO APPEAL

MURTHA, Chief Judge.

This action is related to the bankruptcy of the St. Johnsbury Trucking Company, Inc. The instant dispute arises from United States Bankruptcy Judge Francis G. Conrad's decision ordering *in camera* review of allegedly privileged materials of Bankers Trust Co., its former counsel, O'Melveny & Myers, and its present counsel, Winthrop, Stimson, Putnam & Roberts (hereinafter collectively referred to as "the movants").

As a result of a course of questionable conduct, culminating with the filing of a potentially sanctionable counterclaim against St. Johnsbury's president, Judge Conrad ordered the movants to submit copies of all relevant documents for *in camera* review by Senior Bankruptcy Judge Charles J. Marro. The purpose of the review is to determine whether the movants have perpetrated a fraud on the court. *See generally In re St. Johnsbury Trucking Co., Inc.*, 184 B.R. 446 (Bankr.D.Vt.1995), Memorandum of Decision Ordering *In Camera* Review of Allegedly Privileged Materials (Bankr.D.Vt. June 28, 1995) (hereinafter "*In Camera* Memorandum of Decision"). The movants ask this Court for leave to appeal the Bankruptcy Court's order. In addition, they ask the Court to issue a stay of the Bankruptcy Court's order or a writ of mandamus which would vacate the order.

In relevant part, 28 U.S.C. § 158(a) authorizes the district court to hear appeals from final judgments and, with leave of the court, from interlocutory orders of the bankruptcy court. However, civil discovery orders ordinarily are non-appealable, particularly orders compelling testimony or production of documents. *See Aetna Casualty & Surety Co. v. Glinka,* 154 B.R. 862 (D.Vt. 1993).

■ "In ruling on motions for leave to appeal from an interlocutory order of the Bankruptcy Court ..., courts have consistently applied the standards under 28 U.S.C. § 1292(b) which govern interlocutory appeals from district courts to circuit courts." *In re Stockbridge Funding Corp.*, 1993 WL 205225 at * 3 (S.D.N.Y.1993). Under § 1292(b), an interlocutory decision is not appealable unless "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." Here, no such disputed, controlling question of law is present. The review ordered by Judge Conrad involves whether, as a factual matter, the movants committed a fraud on the court. *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir.1989) (A "fraud on the court" occurs when a party sets in motion some unconscionable scheme calculated to interfere with the court's ability to impartially adjudicate a matter.) Accordingly, interlocutory review is inappropriate.

■ Likewise, the Second Circuit has counselled against the use of mandamus to overturn a discovery order involving a claim of privilege. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 233 (2d Cir.1993). The use of mandamus to review discovery orders involving a claim of privilege is appropriate when:

> (i) an issue of importance and of first impression is raised; (ii) the privilege will be lost in the particular case if review must await final judgment; and (iii) immediate resolution will avoid the development of discovery practices or doctrine undermining the privilege.

*Id.*

On the instant record, the Court does not discern any issue of first impression. In addition, Judge Conrad has ordered *in camera* review, so at this time the movants' privilege, if applicable, will not be lost by this Court's failure to issue a writ of mandamus. *Cf. Chase Manhattan Bank N.A. v. Turner & Newall, PLC*, 964 F.2d 159 (2d Cir.1992) (Second Circuit issued writ of mandamus where district court permitted plaintiff's counsel to examine defendant's documents without judicial ruling on the merits of attorney-client privilege.) Finally, the *in camera* review which Judge Conrad has ordered addresses the issue of whether the movants have committed a fraud on the court. "It is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1038 (2d Cir.1984). Accordingly, an order by this Court vacating Judge Conrad's order is not necessary to protect the privilege. *See United States v. Zolin*, 491 U.S. 554, 574–75, 109 S.Ct. 2619, 2632, 105 L.Ed.2d 469 (1989) (*In camera* review is appropriate method to determine whether allegedly privileged attorney-client communications fall within the crime-fraud exception); *In re John Doe, Inc.*, 13 F.3d 633, 637 (2d Cir.1994) (same).

■ Finally, the movants' argue that this Court is bound by Judge Martin's recent ruling in a related action in the Southern District of New York. *See In re St. Johnsbury Trucking Co., Inc.*, 176 B.R. 122 (S.D.N.Y.1994). Contrary to Judge Martin's suggestion, Judge Conrad's order was not prompted solely by the filing of a counterclaim which, after further development of the record, might prove to be without merit. *See In re Johnsbury Trucking Co.*, 176 B.R. at 124. As Judge Conrad explained:

> We believe that the counterclaim was an objectively unreasonable pleading on its face, without reference to anything more. More particularly, we hold that it is, within the legal profession, conventionally preposterous for a lender to claim that it relied on the borrower to determine where to perfect its security interest. In addition, we hold, as an independent ground, that when viewed in light of the underlying facts, the counterclaim is also objectively unreasonable.

*In Camera* Memorandum of Decision at 456. In short, Judge Martin's decision does not address the same issue under consideration in this District. *Cf.* 176 B.R. at 124–25 (ad-

**56**

dressing whether Bankers is "guilty of the crime of fraud" instead of whether the movants perpetrated a fraud on the court). Accordingly, for the reasons enunciated by Judge Conrad in his *In Camera* Memorandum of Decision, this Court rejects the movants' suggestion that Judge Martin's recent ruling bars *in camera* review of movants' allegedly privileged documents.

The movants' Emergency Motions for Stay and Emergency Motion for Leave to Appeal are DENIED.

SO ORDERED.

### RULING ON MOTION FOR CLARIFICATION

On July 26, 1995, this Court issued a Ruling on Emergency Motions for Stay and Emergency Motion for Leave to Appeal (hereinafter "Emergency Ruling") in which it, *inter alia,* denied permission for leave to pursue an interlocutory appeal of a discovery order issued by U.S. Bankruptcy Judge Conrad. The movants now ask the Court to clarify whether by the Emergency Ruling the Court also intended to resolve their request for the issuance of a writ of mandamus.

It is unclear whether the movants' petition for a writ of mandamus was pending in the instant case or in a related miscellaneous action. Nevertheless, after discussing the standard for the issuance of a writ of mandamus, the Court found it unnecessary to vacate Judge Conrad's order to protect movants' alleged privilege. Emergency Ruling, at 55. To the extent that the Emergency Ruling remains unclear, the Court hereby holds that the movants' request for a writ of mandamus is DENIED. The request to reopen the action is DENIED.

SO ORDERED.