UNITED STATES of America,
Plaintiff,

v.

PROVIDENT NATIONAL BANK, and
Central-Penn National Bank of
Philadelphia, Defendants,

and

James J. SAXON, Comptroller of the
Currency, Intervenor.

Civ. A. No. 40032.

United States District Court
E. D. Pennsylvania.

Nov. 22, 1966.

John W. Neville, Julius J. Hollis,
Joseph L. Dwyer, Washington, D. C.,
Donald G. Balthis, Drew J. T. O'Keefe,
U. S. Atty., Philadelphia, Pa., for plaintiff.

Frederic L. Ballard, Charles I. Thompson, Jr., Tyson W. Coughlin, Matthew M.
Strickler, Richard C. Bull, Philadelphia,
Pa., Ballard, Spahr, Andrews & Ingersoll, White & Williams, Philadelphia, Pa.,
of counsel, for defendants.

Joseph J. O'Malley, Charles H. McEnerney, Philip L. Roache, Jr., Eugene
J. Metzger, Washington, D. C., for intervenor.

## OPINION

CLARY, Chief Judge.

This is a Rule 34 motion to compel the production of bank examiner reports, prepared and filed by bank examiners of the Comptroller of the Currency. Involved are the following reports:

(1) Eight reports on the Central-Penn National Bank from 1961 to 1966;

(2) Six reports on the Central-Penn National Bank Trust Department from 1961 to 1966;

(3) One report on the Provident National Bank dated 1965, and

(4) One report on the Provident National Bank Trust Department dated 1965.

However, for the purposes of this motion to produce, the reports must be divided into two sections:

(1) The body of the report of which the bank receives a copy, and

(2) A confidential report sent only to the Comptroller.

■ At a hearing held on this motion on November 4, 1966, it was the decision of this Court that the body of all the bank examiner reports, above enumerated, be produced after protective measures had been taken by the parties, protective measures being necessary to guard against making public facts which are not relevant and which could be unnecessarily injurious to the defendant Banks and/or their customers. This decision overruled the Comptroller's claim of privilege on the body of the reports which, in the opinion of the Court, is not well taken in the context of this case. These reports are relevant not only for the facts they contain, but also for the context in which the facts appear; and, with the implementation of protective measures, production will not be inimical to the public interest.

■ The decision of the Court, after an in camera examination of the "Confidential Reports", is that such reports to the Comptroller will not be ordered produced. These reports add no new relevant facts not in the body of the report. Basically, they are the candid opinions, good or bad, correct or incorrect, of the examiner on the bank he has examined. Production of these reports would be inimical to the public interest.

It is in the public interest that there be a well-functioning bank regulatory system, and a well-functioning system is built on the relationship between the Comptroller and his bank examiners and the banks. Without a relationship grounded in mutual confidence, there could be a serious breakdown in the system. As it is now, the banks feel free to "tell all" to the examiner, but if these reports became public, this "tell all" feeling could cease. The banks might feel it necessary to protect themselves against any adverse observation by an examiner if such reports were to be freely disclosed. This the Court will not chance.

The effect of these opinions on the public must also be considered. A public, uneducated in the intricacies of banking finance, could easily misinterpret the meaning of an examiner's opinion. This also the Court will not chance. These reports are just too confidential to be revealed over an objection by the Comptroller.

The Department of Justice, in urging the production of these confidential reports, cites the action of the Comptroller in the recently tried case of United States v. Third National Bank of Nashville, Tennessee, D.C., 260 F.Supp. 869. In that case, the Comptroller introduced the confidential reports of which this Court has today denied production. It is enough to say that the privilege accorded these reports is the Comptroller's. He may claim it or waive it as he determines, but this Court will not change his decision on a matter so important to the public.

An Order, if one is required, may be submitted in accordance with the foregoing.