**Leonard I. SCHREIBER, Appellant,**

v.

**SOCIETY FOR SAVINGS BANCORP, INC., Elliot Miller, Albert E. Fiacre, Jr., and Lynne Michaels, Defendant–Appellees,**

v.

**The BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, Appellee.**

**Leonard I. SCHREIBER, Appellant,**

v.

**SOCIETY FOR SAVINGS BANCORP, INC., Elliot Miller, Albert E. Fiacre, Jr., and Lynne Michaels, Defendant–Appellees,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.**

Nos. 93–5100, 93–5102.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 4, 1993.

Decided Dec. 28, 1993.

Irving Bizar, New York City, argued the cause, for appellant. With him on the brief was Scott M. Gilbert, New York City.

Peter R. Maier, U.S. Dept. of Justice, Washington, DC, argued the cause for appellee. With him on the brief were J. Ramsey Johnson, U.S. Atty., and Anthony J. Steinmeyer, Atty., U.S. Dept. of Justice, Ann S. DuRoss, Asst. Gen. Counsel, F.D.I.C., David A. Felt and Lawrence H. Richmond, Counsel, F.D.I.C., Washington, DC. Craig A. Raabe and Janet C. Hall, Hartford, CT, entered an appearance, for defendant-appellees.

Before MIKVA, Chief Judge, BUCKLEY and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge, D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

Leonard Schreiber, the plaintiff representative in a shareholder class action, appeals from an order of the district court denying enforcement of subpoenas *duces tecum* served upon the Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Corporation. The subpoenas are for various documents relating to Society for Savings Bancorp: bank examination reports; any factual portions of interview notes and memoranda prepared by the banking agencies; and any responses Bancorp and its management may have made to the bank examination reports or other agency communications. The agencies object to the subpoenas on the ground that the documents sought are protected by the bank examination and the deliberative process privileges.

After a hearing, but without inspecting the requested documents *in camera*, the district court refused to enforce the subpoenas. Because we think that the court misapplied the standards for evaluating a subpoena demanding bank examination documents, *see In re Subpoena Served Upon the Comptroller of the Currency and the Secretary of the Bd. of Governors of the Fed. Reserve Sys.*, 967 F.2d 630 (D.C.Cir.1992), we reverse its order and remand the matter to the district court for further proceedings.

## I. BACKGROUND

Schreiber sued Bancorp and some of its officers in a class action filed in the United States District Court for the District of Connecticut, alleging that during the period January 19, 1989 to November 30, 1990 the defendants knowingly published false and misleading financial reports and public statements in violation of federal securities laws. In particular, the plaintiff alleged that the defendants had misstated the condition of Bancorp's loan portfolio and the adequacy of its loan loss reserve in order to inflate the market price of Bancorp's securities, thereby defrauding the public in violation of the Securities Exchange Act of 1934.

Schreiber then set out to get evidence that the defendants were aware at the relevant time of the true state of Bancorp's financial condition and the adequacy of its loan loss reserve. Initially, he asked the FDIC and the Board to produce all documents provided by Bancorp to the agency or by the agency to Bancorp, as well as all agency documents referring to Bancorp or created in conjunction with the agency's examination or investigation of Bancorp. The FDIC declined to produce the documents without a subpoena or court order. The Board also refused to produce the documents, stating that examination and inspection reports are privileged and confidential, that the request was overbroad, and that insofar as factual material was involved, the information was available from Bancorp.

Schreiber then served the agencies with subpoenas. In response to their prior objections, he narrowed his request to any 1988, 1989, and 1990 examination reports, factual portions of related notes and internal agency memoranda, and Bancorp's responses to the agencies' reports and inquiries during those three years. When the agencies again refused to produce any documents, Schreiber applied to the District Court for the District of Columbia to enforce the subpoenas.

The Board responded to Schreiber's action to enforce the subpoena by filing a memorandum of law in opposition to the motion to compel discovery, supported by the affidavit of Vice Chairman David Mullins. In the

affidavit Mr. Mullins describes the examination process in general, states that the documents Schreiber seeks are protected by the bank examination and deliberative process privileges, and claims that any factual material the documents may contain is "so interwoven with the opinion and analysis offered by the examiner that [it] cannot reasonably be segregated." Mr. Mullins also asserts in the affidavit that, with respect to each of the five factors we enumerated *In re Subpoena,* 967 F.2d at 634, the privilege should not be overridden and the documents should not be produced. For its part, the FDIC filed a *memorandum of law but did not submit any* evidence to the district court.

On this record, the district court held that the requested materials are subject to the bank examination privilege because they are not "purely factual" in nature, and that the factual material they contain is so intertwined with opinion and analysis that it cannot be separated. The court also found that any agency documents that were not divulged to Bancorp could not be relevant to the bank officers' scienter and that, with respect to agency documents that were provided to Bancorp, Schreiber could obtain both the documents and the underlying factual material directly from that institution. Concluding that "the balance of factors weighs against disclosure of the privileged documents," the court refused to enforce the subpoenas. (Because the district court denied enforcement of the subpoenas on the basis of the bank examination privilege, it did not address the agencies' claim that the documents are also covered by the deliberative process privilege; therefore, neither do we.)

Schreiber appealed and now argues that the district court erred as to both substance and procedure in applying the relevant legal standard. We are constrained to agree.

## II. ANALYSIS

■ We will not reverse the district court's decision whether to enforce a subpoena for the production of documents unless that ruling is arbitrary or lacks support in the record. *In re Sealed Case (Gov't Records),* 950 F.2d 736, 738 (D.C.Cir.1991). These are terms of art, however. We deem a district court's ruling "arbitrary," regardless of how well-reasoned it might be, if it proceeds from a misapprehension of the relevant legal standard. *In re Subpoena,* 967 F.2d at 633.

■ Because we so recently discussed the legal standard applicable to the enforcement of a subpoena for the production of documentary evidence relating to the bank examination process, we will not repeat ourselves at length here. *See In re Subpoena,* 967 F.2d at 634. In brief, the bank examination privilege protects only agency opinions and recommendations from disclosure; purely factual material falls outside the privilege and, if relevant, must be produced. *Id.* The agency asserting the privilege has the burden of establishing its applicability to the documents at issue. *Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1341 (D.C.Cir.1984). If the agency fails to establish the privilege with respect to the subpoenaed material, then the documents must be produced.

■ The first task of the district court, therefore, is to determine whether the banking agency has shown that the requested documents are not primarily factual in nature. If the agency demonstrates that the documents are not primarily factual and thus fall within the scope of the bank examination privilege, the court must then determine whether the documents can be redacted so that the factual portions may be produced in compliance with the subpoena. If the factual and privileged material are inextricably intertwined, then the court must determine whether the privilege, which is qualified, should be overridden for good cause and the documents produced. In this inquiry the court must balance the "competing interests" of the party seeking the documents (which may vary from case to case) and those of the Government (which will tend to be a constant, reflecting long-term institutional concerns). *In re Subpoena,* 967 F.2d at 634. At a minimum the court must consider:

(i) the relevance of the evidence sought to be protected;

(ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the

issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. *Id.* (quoting *In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 583 (E.D.N.Y.1979)).

In this case, the district court erred at the outset in failing to make findings about the factual versus evaluative nature of the various documents. No such finding may have been necessary insofar as Schreiber seeks only the factual portions of certain documents, such as "all factual matter reported on or recorded by" bank examiners in interview notes and memoranda; the bank examination privilege clearly does not apply and the material—if there is any—must be produced if it can be extricated from any non-factual material surrounding it. *Principe v. Crossland Sav.*, 149 F.R.D. 444, 450 (E.D.N.Y.1993).

With regard, however, to the remaining documents—bank examination reports and Bancorp's responses both to those reports and to other agency inquiries during the relevant period—we cannot evaluate the district court's adoption of the banking agencies' claims of privilege in absence of factual findings. Unless we are to examine those documents *in camera* ourselves, we cannot say anything about their factual content. Indeed, we find it difficult to understand how the district court thought it could do so. If the agency can establish that a document is privileged merely by filing a conclusory affidavit asserting that any factual portion of the document cannot be separated from the evaluative portion, then the agency itself and not the court can determine the extent of the privilege. Surely something more is required.

We are not prepared to say that an *in camera* inspection is always necessary in order for the district court to satisfy itself about the factual nature of a bank regulatory document; a non-conclusory affidavit might suffice in a particular case. We note, however, that courts commonly do examine such documents *in camera* before determining whether they fall within the claimed privilege. *See, e.g., Delozier v. First Nat'l Bank*

*of Gatlinburg*, 113 F.R.D. 522, 525–26 (E.D.Tenn.1986); *Seafirst Corp. v. Jenkins*, 644 F.Supp. 1160, 1161 (W.D.Wash.1986) (special master's report and recommendation), *ratified in Seafirst Corp. v. Jenkins*, Fed.Sec.L.Rep. ¶ 92,862, 1986 WL 566 (D.D.C.1986) (both courts inspected *in camera*); *Lundy v. Interfirst Corp.*, 105 F.R.D. 499, 505 (D.D.C.1985); *In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 582–85 (E.D.N.Y.1979); *Denny v. Carey*, 78 F.R.D. 370, 374 (E.D.Pa.1978); *United States v. Provident Nat'l Bank*, 41 F.R.D. 209, 210 (E.D.Pa.1966).

If the district court proceeds to an *in camera* inspection, it should not have to comb through a mountain of material in order to determine whether each particular document is primarily factual in nature or, if a mixture of facts and opinion, whether the facts are segregable. Rather, the court could require the agency to submit to it an index correlating the agency's assertion of privilege to the evaluative portions of the documents, much as it does when an agency asserts that a document requested pursuant to the Freedom of Information Act is exempt from disclosure. *See Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1973); *see also, e.g., Gregory v. Federal Deposit Ins. Corp.*, 470 F.Supp. 1329, 1332 (D.D.C.1979) (agency submitted *Vaughn* index). With a *Vaughn*-type index in hand, the court could review all or, if voluminous, a representative sampling of the disputed documents in order to determine respectively whether any particular document or type of document falls within the bank examination privilege.

While we recognize that the district court must determine anew in each case whether some portion of the bank examination reports (and responses thereto) are factual in nature and thus outside the privilege, we note that every court that has examined the nature of bank examination reports thus far has found them to be at least partly factual. *See e.g., Principe*, 149 F.R.D. at 448 (reports factual "either in whole or in part"); *Delozier*, 113 F.R.D. at 525–26 (portion of report is factual); *Seafirst Corp.*, 644 F.Supp. at 1163 (reports "largely factual in nature"); *In re*

*Franklin Nat'l Bank Sec. Litig.,* 478 F.Supp. at 583–85 (reports largely factual); *Provident Nat'l Bank,* 41 F.R.D. at 210 (reports factual and not subject to the privilege); *cf. Lundy,* 105 F.R.D. at 505 (documents relating to Comptroller of the Currency's determination that bank was not "in sound condition" not subject to privilege). If, after assessing the nature of the documents sought in this case, however, the district court finds that any of the requested materials is either fully within the privilege for bank examination reports or contains factual material that cannot practically be segregated and released, then it must still consider the competing interests of the party seeking the documents and the banking agency before it can determine whether the privilege should be overridden. Because we hold that the district court erred in failing to make factual findings about the nature of the requested documents, we do not reach the court's application of the balancing test, except to provide some guidance for the proceedings on remand.

The balancing test performed by the district court in this case was flawed to the extent that the court believed that the disputed documents were both irrelevant and available from another source, *viz.* Bancorp itself. First, as to relevance, recall that the plaintiff asserts in the underlying litigation that Bancorp's officers knowingly misrepresented the institution's true financial condition. An inconsistency between Bancorp's own records—which are indeed available from the institution—and the information it provided to the bank examiners could be relevant to the officers' scienter with respect to the alleged public misstatements; in their communications with the bank examiners, the officers might have evidenced (or gained) an awareness of Bancorp's true financial state at the same time that they were presenting the public with a rosier picture. Indeed, the agencies concede the point.

Second, as the agencies also acknowledge, the district court's assertion that Schreiber could obtain the bank examination reports and related correspondence from Bancorp was erroneous. The reports and records gathered or created by the agencies in the course of performing their regulatory responsibilities are deemed the records of the agencies; thus, the information Schreiber requests is available from Bancorp only with the permission of the agencies. *See* 12 C.F.R. §§ 261.2, 261.11(g), 261.13, 261.14, 309.6(c)(6).

Finally, we note and we share the district court's concern about the chilling effect that producing the requested information might have upon the bank examination process. *See In re Subpoena,* 967 F.2d at 633–34. That concern would largely be alleviated if the court could fashion a practical protective order, one that reconciles the agencies' interest in confidentiality with the plaintiff's potential need to introduce some or all of the subpoenaed documents (or information therefrom) into evidence at a public trial. Most courts enforcing a subpoena for bank regulatory documents have done so under a protective order, *see Principe,* 149 F.R.D. at 450; *Delozier,* 113 F.R.D. at 526; *Seafirst Corp.,* 644 F.Supp. at 1164; *Lundy,* 105 F.R.D. at 502, 503; *In re Franklin Nat'l Bank Sec. Litig.,* 478 F.Supp. at 589; *Provident Nat'l Bank,* 41 F.R.D. at 210, and, to the extent that it enforces the subpoenas on remand, we commend that practice to the consideration of the district court.

## III. CONCLUSION

The district court erred as a matter of law in refusing to enforce the subpoena insofar as the requested documents or portions thereof may be purely factual; in relying solely upon a conclusory agency affidavit as its basis for holding that all of the disputed documents are subject to the bank examination privilege; and in holding that certain documents are irrelevant to the underlying litigation and in any event available from Bancorp. Therefore, the order of the district court is reversed and this matter is remanded for further proceedings consistent with this opinion.

*So ordered.*