The MERCHANTS BANK, Appellant,

v.

**Pasquale and Vatsala VESCIO, Appellees.**

No. 2:96–MC–87.

United States District Court, D. Vermont.

Feb. 5, 1997.

Robert Alan Pinel, Miller, Eggleston & Cramer, Ltd., Burlington, VT, for Merchants Bank.

Robert K. Reis, Hull, Webber & Reis, Rutland, VT, Lisa L. Chalidze, Miller & Faignant, P.C., Rutland, VT, for Pasquale J. Vescio, Vatsala Vescio.

## OPINION AND ORDER

SESSIONS, District Judge.

This case is before the Court on appeal by Appellant Merchants Bank ("the Bank") of an order of the United States Bankruptcy Court for the District of Vermont compelling the production of documents in the Bank's possession but owned by the Federal Deposit Insurance Corporation ("FDIC") and the Board of Governors of the Federal Reserve ("Federal Reserve"). For the reasons discussed below, the order of the Bankruptcy Court is REVERSED and REMANDED for further proceedings.

## I. Factual Background

This appeal arises out of an order of the Bankruptcy Court which requires the Bank to produce to Pasquale and Vatsala Vescio ("Vescios") certain documents and information in its possession, at least some of which are owned by the FDIC and the Federal Reserve. The Vescios, Debtors in a Chapter 11 action in the Bankruptcy Court, seek these documents in the course of discovery in an action against the Bank for various claims of tortious conduct, which is also pending before the Bankruptcy Court. The Vescios moved to compel production of the documents, and the Bankruptcy Court, per Judge Conrad, granted the motion.

In his Order of December 9, 1996, Judge Conrad required the Bank to comply with the Vescios' discovery request, and stated:

> Said compliance shall include but is not limited to: 1) full disclosure by The Merchants Bank [TMB] of all documentation, no matter by whom generated, relating to investigation of The Merchants Bank and/or Merchant Bancshares, Inc. by the FDIC, the Federal Reserve, and other related bank regulatory entities, including the examination reports, which documentation the Court finds to be of relevance to the claims asserted against TMB; 2) TMB's lending manuals and all information on TMB's lending procedures, customs, practices and guidelines; 3) TMB's procedures, customs, practices and guidelines on compensation of its lending and work-out officers, including George Cook; and 4) TMB's procedures, customs, practices and guidelines in relation to the work-out of troubled loans.

Order on Counter–Claimant Vescios' Motion to Compel (Paper No. 1, Exh. A). Judge Conrad also stated in his order that "there is no merit to TMB's assertion of privilege based on trade secrets or self-critical argu-

ment as set forth in its pleadings in opposition to the Motion to Compel." *Id.*

The Bank filed a motion to reconsider the order. The Federal Reserve subsequently ordered the Bank not to produce the documents ordered by the Bankruptcy Court, and the FDIC informed the Bank that it could not disclose its documents either. The FDIC also filed a memorandum in support of the Banks' motion to reconsider. At a hearing on the motion on December 24, 1996, the Bankruptcy Court upheld its prior ruling, ordered production of the documents by December 31, 1996, and directed the Vescios to file a motion for contempt against the FDIC.[1] Counsel for FDIC appeared at the hearing, but counsel for the Federal Reserve did not.

The Bank filed its motion with this Court on December 30, 1996. The Court stayed the Bankruptcy Court order until January 3, 1997, at which time a hearing on the motion was held. At the conclusion of the hearing, the Court extended the stay by an additional thirty days, in which time the parties were instructed to file additional pleadings.

## II. Discussion

■ This Court has jurisdiction to hear appeals from orders of the Bankruptcy Court under 28 U.S.C. § 158(a). An appeal of an interlocutory order of the Bankruptcy Court may be heard "with leave" of the Court, 28 U.S.C. § 158(a)(3), but civil discovery orders are ordinarily non-appealable. *Winthrop, Stimson, Putnam & Roberts v. Official Comm. of Unsecured Creditors of St. Johnsbury Trucking Co.*, 186 B.R. 53, 54 (D.Vt. 1995). Although there are no statutorily required standards which must be applied in determining when leave should be granted, courts have ordinarily applied the standards articulated in 28 U.S.C. § 1292(b), which govern the appeals of interlocutory orders from districts courts to courts of appeals. *Id.* Section 1292(b) states that in order for an interlocutory order to be appealable, it must "involve[ ] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal

from the order may materially advance the ultimate termination of the litigation."

Although interlocutory in nature, the order for which Appellants seek appeal may be properly heard by the Court because the Section 1292(b) standard is met. Specifically, the Bank's argument regarding the existence of a bank examination privilege is one "as to which there is substantial ground for difference of opinion." Moreover, the resolution of this issue should expedite discovery in the case, thereby hastening the termination of the litigation.

The Bankruptcy Court's findings of fact will not be reversed unless clearly erroneous, while its legal conclusions are reviewed de novo. *In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir.1996); *accord In re Kelton Motors, Inc.*, 188 B.R. 125, 126 (D.Vt.1995), *aff'd in part, vacated in part on other grounds*, 97 F.3d 22 (2d Cir.1996). Exercises of discretion by the Bankruptcy Court are reviewed for abuse. *Lehal Realty*, 101 F.3d at 276.

### A. Applicability of FDIC and Federal Reserve Regulations

■ The Bank's first argument is that federal regulations prohibit its disclosure of confidential information owned by the FDIC and the Federal Reserve, and that if the Vescios want access to such information, they must file applications with the banking agencies directly, as provided by regulation. *See* 12 C.F.R. §§ 261.11(g), 309.6(a), and 309.5(a). The Bank argues further that it is subject to criminal charges, under 18 U.S.C. §§ 1905 and 1906, for disclosing such information without authorization from the appropriate banking agency. Thus, the Bank contends, Judge Conrad's production order has placed it in an untenable position: if the Bank turns over the documents, it faces criminal charges, but if it refuses to produce them, it will be held in contempt. This is, in fact, a false dilemma, for the regulations on which the Bank relies are unenforceable in the present case.

---

1. The transcript of the December 24 hearing indicates that Judge Conrad instructed the Vescios to file a motion to hold the FDIC in contempt.

A written order issued that day ordered the Vescios to file a motion to hold in contempt "all non-complying parties."

The regulations in question conflict with Rule 34 of the Federal Rules of Civil Procedure, which states in pertinent part: "Any party may serve on any other party a request (1) to produce ... any designated documents ... or to inspect and copy, test, or sample any tangible things ... which are in the possession, custody or control of the party upon whom the request is served." The Bank relies on two United States district court cases which read the FDIC and Federal Reserve regulations as excepting information deemed exempt therein from Rule 34. *See National Union Fire Ins. Co. of Pittsburgh v. Midland Bancor, Inc.*, 159 F.R.D. 562, 571–72 (D.Kan.1994) (holding motion to compel production improper if plaintiff has failed to complete regulatory procedures for obtaining the information from the banking agency); *In re One Bancorp Securities Litigation*, 134 F.R.D. 4, 9–10 (D.Me.1991) (holding bank examination reports held by bank are not in the "custody, possession or control" of the bank and therefore are undiscoverable under Rule 34). The Court rejects these cases, and instead follows a more persuasive opinion of the Sixth Circuit Court of Appeals.

In *In re Bankers Trust Co.*, 61 F.3d 465 (6th Cir.1995), *cert. dismissed sub nom. Bankers Trust Co. v. Proctor & Gamble Co.*, —— U.S. ——, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996), the Sixth Circuit has held that the Federal Reserve regulations at issue in this case, analogous in all relevant respects to the FDIC regulations in question, do not except from Rule 34 discovery materials exempt under the regulations. Rather, the court held that the Federal Rules of Civil Procedure necessarily prevail over mere "housekeeping" rules such as federal regulations. The court stated:

> We ... conclude that Congress did not empower the Federal Reserve to prescribe regulations that direct a party to deliberately disobey a court order, subpoena, or

the judicial mechanism requiring the production of information. We therefore hold the language in 12 C.F.R. § 261.14 that requires a party that is served with a subpoena, order, or other judicial process to continually decline to disclose information or testimony exceeds the congressional delegation of authority and cannot be recognized by this court. Such a regulation is plainly inconsistent and cannot be enforced. To allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure, and, in essence, divest a court of jurisdiction over discovery, the enabling statute must be more specific than a general grant of authority as found [in the statute enabling the Federal Reserve to promulgate regulations].

61 F.3d at 470. This Court agrees with the Sixth Circuit, and therefore concludes that no privilege or exemption from discovery arises out of the federal regulations in question.[2]

### B. Existence of a Bank Examination Privilege

██ The Bank argues next that even if the regulations do not give rise to a privilege against disclosure, there exists a bank examination privilege which may be asserted by the FDIC or the Federal Reserve. In addition, the Bank contends that production cannot be compelled unless the banking agencies are joined in the motion to compel and are provided the opportunity to assert their respective bank examination privileges. The Bank succeeds on these arguments.

██ The D.C. Circuit, and subsequently the Sixth Circuit, have recognized the existence of a bank examination privilege. *See In re Subpoena Served Upon the Comptroller of the Currency, and Secretary of the Bd. of Governors of the Fed. Reserve Sys.*, 967

---

**2.** Then–District Judge Parker reached this same conclusion in *Walsh v. Chittenden Corp.*, 799 F.Supp. 405 (D.Vt.1992), although for reasons different than those articulated by the Sixth Circuit. He relied on 12 C.F.R. § 309.5(c) n. 4, an FDIC regulation, which provides: "Classification of a record as exempt from disclosure under the provisions of § 309.5(c) shall not be construed as

authority to withhold the record if it is otherwise subject to disclosure under ... any directive or order of any court of competent jurisdiction." Judge Parker read this provision of the regulations as not requiring the withholding of documents in the face of a subpoena or other order of a court of competent jurisdiction.

F.2d 630 (D.C.Cir.1992); *Schreiber v. Society for Savings Bancorp, Inc.,* 11 F.3d 217 (D.C.Cir.1993); *In re Bankers Trust Co.,* 61 F.3d 465 (6th Cir.1995), *cert. dismissed sub nom. Bankers Trust Co. v. Proctor & Gamble Co.,* —— U.S. ——, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996); *see also Redland Soccer Club, Inc. v. Department of Army of United States,* 55 F.3d 827 (3d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 772, 133 L.Ed.2d 725 (1996) (relying on interpretation of bank examination privilege in discussion of deliberative process privilege). The privilege has also been recognized by two other district courts within the Second Circuit. *See Lee v. FDIC,* 923 F.Supp. 451 (S.D.N.Y. 1996); *Principe v. Crossland Savings,* 149 F.R.D. 444 (E.D.N.Y.1993). The bank examination privilege is a qualified privilege that "accords agency opinions and recommendations and banks' responses thereto protection from disclosure." *Bankers Trust,* 61 F.3d at 470. It arises out of the practical need for openness and honesty between bank examiners and the banks they regulate, and is intended to protect the integrity of the regulatory process by privileging such communications. As the D.C. Circuit has explained:

> Bank safety and soundness supervision is an iterative process of comment by regulators and response by the bank. The success of the supervision therefore depends vitally upon the quality of communication between the regulated banking firm and the bank regulatory agency.... Bank management must be open and forthcoming in response to the inquiries of the bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged.

*In re Subpoena,* 967 F.2d at 633–34.

■ Purely factual material falls outside the privilege, whereas opinions and deliberative processes do not. *Bankers Trust,* 61 F.3d at 471. Even as to deliberative materials, however, the privilege is not absolute, and may be overridden for good cause. Thus, the privilege may be defeated "where

necessary to promote 'the paramount interest of the Government in having justice done between litigants,' . . . or to 'shed light on alleged government malfeasance,' . . . or in other circumstances 'when the public's interest in effective government would be furthered by disclosure.' " *In re Subpoena,* 967 F.2d at 634 (citations omitted). The good cause inquiry requires the court to consider, at a minimum, the following:

> 1) the relevance of the evidence sought to be protected;
>
> 2) the availability of other evidence;
>
> 3) the 'seriousness' of the litigation and the issues involved;
>
> 4) the role of the government in the litigation; and
>
> 5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Id.; Schreiber,* 11 F.3d at 220; *Bankers Trust,* 61 F.3d at 472. The performance of this balancing of interests may require examination of disputed documents *in camera. In re Subpoena,* 967 F.2d at 634. Redaction and a protective order may be appropriate to ensure that sensitive information, particularly with regard to third parties, is not unnecessarily disclosed. *Id.*

■ The bank examination privilege belongs solely to the FDIC, the Federal Reserve, and other banking regulatory entities, and may not be asserted by third parties on behalf of the banking agencies. *See Bankers Trust,* 61 F.3d at 472. Rather, "where a claim of the privilege is appropriate, the [banking agency] must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion." *Id.*

In the present case, the Bankruptcy Court appears to have decided that a bank examination privilege neither existed nor applied. Although the privilege was argued by both Appellants and the FDIC, the Bankruptcy Court held that no privilege existed in the case. Judge Conrad did not specifically mention the bank exemption privilege, but the Court assumes that his consideration of potential privileges included the bank exemption privilege presented to him. As discussed above, the privilege does in fact exist.

The Bankruptcy Court's conclusion of law therefore constitutes reversible error.

Because the bank examination privilege belongs to the FDIC and the Federal Reserve, each must have the opportunity to assert it. Appellees claim that the FDIC asserted its privilege before the Bankruptcy Court, and that it should not be given further leave to do so. However, because it appears that Judge Conrad did not recognize the bank examination privilege, the FDIC cannot be charged with the responsibility for having asserted it. Therefore, on remand, the FDIC should be given a reasonable opportunity to assert its privilege, and the Bankruptcy Court, in weighing the validity of the privilege, should perform the five-part balancing test discussed above.

█ Notice and opportunity to assert the bank examination privilege must also be given to the Federal Reserve. Although the Federal Reserve neither appeared at oral argument on appeal nor entered an appearance in the Bankruptcy Court proceeding, it is not clear from the record that the Federal Reserve was ever joined in the motion to compel by the Vescios. Correspondence between the Federal Reserve and the Bank demonstrates that the Federal Reserve was clearly aware of the Bankruptcy Court's compulsion order, but such knowledge does not in itself afford the Federal Reserve the opportunity to assert its privilege. Therefore, on remand, the Federal Reserve must be joined in the motion to compel.

On remand the Bankruptcy Court must take appropriate steps to ensure the confidentiality of sensitive information contained in any materials for which it finds the bank examination privilege to be overridden. To this end, *in camera* inspection of documents, redaction, and a protective order may be appropriate.

Since the January 3 hearing, the Vescios and the FDIC have stipulated that the bank examination privilege applies to various FDIC records, and have submitted to the Court copies of the records, as well as suggested redactions, for *in camera* inspection. Stipulation and Agreement (Paper No. 14). The Court instructs the Bankruptcy Court to review the submitted records to determine if the privilege should be overridden, and if so, to approve all appropriate redactions. The Vescios have also indicated that they are presently negotiating with the Federal Reserve for the release of relevant documents. As final agreement has not been reached, the Federal Reserve may still assert the bank examination privilege in the Bankruptcy Court, as may the FDIC should further dispute over its records arise.

█ The FDIC and the Federal Reserve may only assert the bank examination privilege with respect to the investigative materials and bank examination reports described in subsection (1) of Judge Conrad's December 9, 1996 order, as only these materials are deliberative in nature. The lending manuals and the procedures, customs, practices and guidelines regarding lending, compensation, and the work-out of troubled loans, described in subsections (2) through (4) of Judge Conrad's order, are purely factual matters for which the bank examination privilege is not available.

### III. Conclusion

Based on the foregoing analysis, the Bankruptcy Court's Order of December 26, 1996 is hereby REVERSED and the matter is REMANDED. On remand, the FDIC and the Federal Reserve shall be given the opportunity to assert the bank examination privilege with regard to the deliberative materials described in subsection (1) of Judge Conrad's December 9, 1996 order, and the Bankruptcy Court shall apply the five-part balancing test discussed above to determine whether the privilege may be overridden. The Bankruptcy Court shall review *in camera* the records submitted by the parties, and shall take all necessary steps, which may include redaction and the issuance of a protective order, to protect the confidentiality of any sensitive information for which it finds the privilege to be overridden.