Elouise Pepion **COBELL**, et al., Plaintiffs,

v.

Gale **NORTON**, Secretary of the Interior, et al., Defendants.

No. CIV.A. 96–1285RCL.

United States District Court, District of Columbia.

April 11, 2003.

204

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on a series of motions relating to the disposition of the sealed document included at Attachment C of the August 8, 2002 special report of the Court Monitor (now Special Master–Monitor) ("the Monitor"). On March 17, 2003, the Monitor filed a report finding that although this document fell under the protection of the deliberative process privilege, it should nevertheless be unsealed because plaintiffs had established that their need for the document outweighed the government's interest in maintaining the seal on the document. Having reviewed the Monitor's report, the objections submitted thereto, the parties' motions, the opposition and reply briefs submitted thereto, and the applicable law in this case, the Court hereby adopts the undisputed conclusions of law contained in the Monitor's report and rejects the disputed conclusions of law contained therein.

## I. BACKGROUND

On August 8, 2002, the Monitor filed a special report with this Court.[1] Submitted with the Special Report was a document located at Attachment C that was filed with the Court under seal ("Attachment C"). On October 18, 2002, in response to motions filed by both parties, the Court directed the Monitor to provide counsel for the parties with copies of Attachment C under seal. The Court also ordered coun-

sel to honor the seal on the document, limiting access to Attachment C and any communications about it only to personnel in their offices who would be required to view or discuss the document in order to prepare submissions by counsel. Finally, the Court ordered the parties to file any portion of their future submissions to the Monitor that referred to the content of Attachment C under seal.

In a letter dated October 21, 2002, the Monitor directed the parties to file briefs addressing the further disposition of copies of Attachment C. Defendants filed their brief under seal on October 24, asserting that Attachment C fell within the scope of the deliberative process privilege. The next day, plaintiffs filed a reply brief under seal requesting that the Court unseal Attachment C. On November 9, defendants filed a further response in support of their request that Attachment C remain sealed. Defendants filed two further motions requesting that the Court strike references to the content of Attachment C that were made by plaintiffs' counsel during a November 5, 2002 hearing, and in plaintiffs' second reply brief in support of their request that Attachment C be unsealed.

Each of these motions turned on whether the contents of Attachment C fell under the protection of the deliberative process privilege. The application of that privilege to the present case was not resolved, however, until the Court issued a memorandum opinion on February 5, 2003, explaining the manner in which the privilege applied to the present case. In that opinion, the Court explained that it would de-

---

1. The full title of the August 8 report was "Special Report of the Court Monitor on Potential Evidence Regarding the Alleged Suppression by White House and Department of Justice Attorneys of the Written Testimony of the Special Trustee Prepared for the Senate Committee on Indian Affairs' July 25, 2002 Hearing Regarding the Department of the Interior's Historical Accounting." The Court will refer to this document as "the Special Report."

fer any ruling on the disposition of Attachment C until defendants had filed with the Monitor an affidavit conforming with the requirements for proper invocation of the deliberative process privilege with respect to Attachment C. The Court also explained that plaintiffs would be afforded an opportunity to submit to the Monitor a statement setting forth the reasons that plaintiffs needed the information contained in Attachment C, and that defendants would be given an opportunity to file a brief in reply to plaintiffs' statement.

On February 14, defendants submitted an affidavit purporting to conform to the requirements for the proper invocation of the deliberative process privilege with respect to Attachment C, and requested that the affidavit be filed under seal. On February 26, plaintiffs filed the statement of need requested by the Court in its February 5 opinion. Defendants submitted a reply brief on March 6, again requesting that it be filed under seal.

On March 10, defendants submitted a motion to strike plaintiffs' statement of need because the statement allegedly contained references to the content of Attachment C, and requested that the motion be filed under seal. On March 17, the Monitor submitted a report recommending that Attachment C be unsealed ("the March 17 Report"). Defendants submitted their objections to the Monitor's report on March 31, and asked that the objections be submitted under seal. Additionally, on March 27, defendants moved to strike two filings by plaintiffs that allegedly contained references to the content of Attachment C, and requested that their motion be filed under seal.

## II. ANALYSIS

The March 17 Report submitted by the Monitor found that Attachment C was both predecisional and deliberative, and

that defendants had submitted an affidavit conforming with the requirements for the proper invocation of the deliberative process privilege with respect to Attachment C. The Monitor therefore concluded that Attachment C fell under the protection of the privilege, and proceeded to examine whether plaintiffs had demonstrated that their need for the information in Attachment C outweighed defendants' interest in preventing the disclosure of that information. Applying the five-factor test derived from *Schreiber v. Society for Savings Bancorp, Inc.*, 11 F.3d 217 (D.C.Cir.1993), the Monitor balanced the interests and determined that plaintiffs' need for the information outweighed defendants' interest in preventing disclosure. Accordingly, the Monitor concluded that Attachment C should be unsealed.

■ The Court reviews conclusions of law made by the Monitor de novo. *D.M.W. Contracting Co. v. Stolz*, 158 F.2d 405, 407 (D.C.Cir.1946); *In re Vitamins Antitrust Litig.*, 211 F.R.D. 1, 3 (D.D.C. 2002). Because neither party has objected to the conclusions of the Monitor that Attachment C is predecisional and deliberative, that defendants submitted an affidavit conforming with the requirements for the proper invocation of the deliberative process privilege with respect to Attachment C, and that Attachment C is protected under the deliberative process privilege, the Court may adopt those conclusions without holding a hearing. Having reviewed the Monitor's conclusions de novo, the Court finds that they should be adopted as the law in this case.

However, defendants have objected to the Monitor's conclusions that plaintiffs' need for the information in Attachment C outweighs defendants' interest in preventing the disclosure of that information, and that Attachment C should therefore be unsealed. Because these are conclusions

of law, the Court is required by Federal Rule of Civil Procedure 53(e)(2) to hold a hearing before the Court may adopt them as the law of this case. However, the Court has decided not to adopt either of these conclusions, obviating the need for a hearing on this matter.

■ Given that the Court has elected to maintain the seal on Attachment C, the explication of its decision must necessarily refrain from discussing the content of that document. Fortunately, the legal standards governing its decision have already been explained in the Court's February 5, 2003 memorandum opinion. In that opinion, the Court explained that

> once the elements of the [deliberative process] privilege have been met, the burden shifts to the party opposing the privilege to establish that its need for the information outweighs the interest of the government in preventing disclosure of the information. In this Circuit, courts balance the interests by using a five-factor test derived from *Schreiber v. Society for Savings Bancorp, Inc.,* 11 F.3d 217 (D.C.Cir.1993), in which the D.C. Circuit explained that "[a]t a minimum, the court must consider: (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence, (iii) the 'seriousness' of the litigation, (iv) the role of the government in the litigation, and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable."

Mem. Op. dated February 5, 2003, at 5 (internal citations omitted). In their statement of need, plaintiffs set forth only two reasons why they need the information contained in Attachment C for the Phase 1.5 trial. Because an analysis of the first reason would necessarily entail a discussion of the content of Attachment C, the Court will say only that plaintiffs have failed to establish that they would not be able, without undue hardship, to obtain the same information by means of deposition testimony or the calling of live witnesses at trial. The second reason set forth by plaintiffs is that the information would furnish important evidence of defendants' bad faith. Without making any determination as to whether the information would provide any such evidence, the Court will simply note that plaintiffs have failed to establish that they would not be able to provide evidence of the bad faith of defendants through some other means. Having balanced plaintiffs' statements as to their need for the information with defendants' affidavit and reply brief, the Court finds that plaintiffs have failed to demonstrate that their need for the information outweighs the interest of defendants in preventing disclosure of the information. Therefore, the Court will not adopt the conclusions of the Monitor that plaintiffs' interest in disclosure outweighs defendants' interest in preventing disclosure, and that Attachment C should be unsealed.

## III. CONCLUSION

The Court has determined that the document included as Attachment C to the August 8, 2002 special report of the Monitor shall remain under seal. This determination necessarily requires that all references to the content of Attachment C in the filings in this case should either be sealed or stricken from the record in this case. Accordingly, the Court will grant all pending motions to file under seal any motions that discuss the content of Attachment C, and strike from the record in this case any references to that content in any other filings in this case.

A separate order consistent with the foregoing opinion shall be issued this date.

### ORDER

For the reasons set forth in the Court's memorandum opinion issued this date, it is hereby

ORDERED that the Report and Recommendation of the Special Master–Monitor on Plaintiffs' Motion to Unseal Document Filed Under Seal by Court Monitor ("the March 17 Report") be adopted with respect to its conclusion that the contents of Attachment C are protected by the deliberative process privilege. It is further

ORDERED that the March 17 Report be rejected as to all other conclusions of law contained therein. It is further

ORDERED that defendant's unopposed motion to file under seal Interior defendants' response regarding the disposition of the Attachment C sealed document [1576–1] be, and hereby is, GRANTED. It is further

ORDERED that plaintiffs' unopposed motion to file under seal plaintiffs' reply in support of the public disclosure of Attachment C [1577–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' unopposed motion to file under seal Interior defendants' further response regarding the disposition of the Attachment C sealed document [1598–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' unopposed motion to file under seal Interior defendants' motion and memorandum to strike plaintiffs' counsel's references to the contents of the Attachment C sealed document during the November 5, 2002 hearing [1599–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' sealed motion to strike plaintiffs' counsel's references to the contents of the Attachment C sealed document during the November 5, 2002 hearing be, and hereby is, GRANTED. It is further

ORDERED that the references by plaintiffs' counsel Dennis Gingold to the contents of Attachment C be stricken from the record of the November 5, 2002 hearing in the present case. It is further

ORDERED that defendants' unopposed motion to file under seal Interior defendants' motion and memorandum to strike references to the contents of the Attachment C sealed document in plaintiffs' second reply in support of the public disclosure of Attachment C [1609–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' sealed motion and memorandum to strike references to the contents of the Attachment C sealed document in plaintiffs' second reply in support of the public disclosure of Attachment C be, and hereby is, GRANTED. It is further

ORDERED that references to the contents of Attachment C in plaintiffs' second reply in support of the public disclosure of Attachment C shall be stricken from the record of this case. It is further

ORDERED that defendants' motion to file under seal Interior defendants' declaration of David Longly Bernhardt in support of Interior defendants' motion for a protective order concerning Attachment C [1810–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' motion to file under seal Interior defendants' reply to plaintiffs' statement of need regarding Attachment C [1870–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' unopposed motion to file under seal Interior defendants' motion and memorandum to strike plaintiffs' statement of need due to unsealed references to the content of Attach-

ment C [1894–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' unopposed motion and memorandum to strike plaintiffs' statement of need due to unsealed references to the content of Attachment C be, and hereby is, GRANTED. It is further

ORDERED that plaintiffs' statement of need regarding Attachment C, which was filed on February 26, 2003, be stricken from the record in this case. It is further

ORDERED that defendants' motion to file under seal defendants' motion and memorandum [1933–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' sealed motion to strike plaintiffs' references to and quotation of the content of Attachment C in plaintiffs' motion for order to show cause why Interior defendants and Bert T. Edwards should not be held in civil and criminal contempt and in plaintiffs' response to defendants' historical accounting plan for individual Indian money accounts be, and hereby is, GRANTED. It is further

ORDERED that section IV(5) of plaintiffs' response to defendants' historical accounting plan for individual Indian money accounts and section IV.E of plaintiffs' motion for order to show cause why Interior defendants and Bert T. Edwards should not be held in civil and criminal contempt shall be stricken from the record in this case. It is further

ORDERED that defendants' motion to file under seal Interior defendants' objections to the report and recommendation of the Special Master–Monitor [1938–1] be, and hereby is, GRANTED.

SO ORDERED.