**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0937-25

NATALLIA P. VOINEA,

     Plaintiff-Appellant,

v.

TD BANK, N.A.,

     Defendant-Respondent.

_____

Argued March 18, 2026 – Decided April 8, 2026

Before Judges Mayer and Vanek.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0247-24.

Katherine D. Hartman argued the cause for appellant (Attorneys Hartman, attorneys; Nicholas J. Gangemi, on the brief).

Rachel Fendell Satinsky argued the cause for respondent (Littler Mendelson, PC, Aisling O'Shea (Sullivan & Cromwell LLP) of the District of Columbia bar, admitted pro hac vice, and John C. Wynne (Sullivan & Cromwell LLP), of the New York bar, admitted pro hac vice, attorneys; Rachel Fendell

Satinsky, Aisling O'Shea, and John C. Wynne, on the brief).

PER CURIAM

By way of a November 17, 2025 order granting leave to appeal, plaintiff Natallia Voinea appeals from a September 26, 2025 Law Division order denying her motion to compel defendant TD Bank, N.A. to produce documents bearing bates stamp numbers 296, 297, 298, 299, 314, 364, and 366 in an unredacted format. We affirm.

On January 25, 2024, plaintiff, a former employee of defendant, filed a complaint alleging violations of the Conscientious Employee Protection Act, N.J.S.A. 37:19-1 to 16, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -50. After defendant filed an answer, the parties exchanged discovery pursuant to a confidentiality order.

A limited number of discovery documents produced by defendant were redacted. Specifically, seven pages out of a total of 650 pages contained line redactions.

Plaintiff asked defendant for unredacted copies of these documents to prepare for depositions. Defendant declined to produce unredacted documents, explaining the redactions were required pursuant to "federal law, including, inter alia, the bank examination privilege."

2

Plaintiff moved to compel defendant's production of these documents without redactions. Defendant opposed the motion and cross-moved for an in camera review of the documents. Defendant submitted an ex parte letter and brief to the judge explaining the basis for its request for an in camera review of the redacted documents and detailing the reasons for the redactions.[1]

At a September 26, 2025 hearing, plaintiff objected to the judge's consideration of defendant's ex parte brief in camera. After the judge agreed to stay the order if he granted defendant's cross-motion, plaintiff withdrew her objection. The judge then considered defendant's ex parte brief in camera.

Defendant's ex parte brief identified the federal laws prohibiting disclosure of the information in the redacted documents. Defendant claimed the Bank Secrecy Act (BSA), 31 U.S.C. §§ 5311 to 5336, and regulations related to the BSA promulgated by subdivisions of the United States Department of the Treasury—the Office of the Comptroller of the Currency (OCC) and the Financial Crimes Enforcement Network (FinCEN)—prevented disclosure of the unredacted information. The BSA requires banks to report any suspicious transactions by filing a suspicious activity report (SAR) with FinCEN.

---

[1] Defendant's ex parte letter and brief submitted to the judge were filed with this court as part of a confidential appendix marked "for the court's eyes only."

A-0937-25

Additionally, the BSA and its implementing regulations render SARs, and information revealing the existence of SARs, confidential and, therefore, not discoverable. Financial institutions violating the BSA or the BSA's governing regulations face potential criminal or civil penalties.

Defendant also claimed the bank examination privilege, held by the OCC, prohibited its disclosure of unredacted information. Defendant asserted it could not waive the bank examination privilege absent the OCC's consent.

Further, defendant argued grand jury secrecy under the federal court rules and federal statutes prohibited its disclosure of the existence of a grand jury subpoena and any records it furnished in response to such a subpoena.

Based on the information in defendant's ex parte brief, the judge concluded "there [wa]s a basis to review the material in camera." Defendant then provided the judge with unredacted documents for in camera review. Over plaintiff's objection, the judge reviewed defendant's documents in camera.

After reviewing the unredacted documents, the judge found "there [wa]s a basis to keep th[e] information redacted . . . under the . . . laws that were cited by [defendant]." Based on the law provided to the judge, but not to plaintiff, the judge denied plaintiff's motion. The judge explained "th[ere] seem[ed] to be very unsettled law . . . as far as what can be revealed, [and] what can't be

4

revealed."  Consequently, the judge stayed the order denying plaintiff's motion to compel production of the unredacted documents "for the longer of twenty days or until the Appellate Division issues a final decision on any appeal taken from this order."

On October 31, 2025, plaintiff moved for leave to appeal the order denying plaintiff's motion to compel discovery.  We granted leave to appeal.

On appeal, plaintiff argues the judge erred by failing to require defendant to identify the bases for asserting privilege before reviewing the redacted documents in camera.  Plaintiff further asserts the judge failed to articulate specific findings as to each of the redacted documents in support of denial of her motion.  Additionally, plaintiff contends the judge failed to create a verbatim record as part of his in camera review.

We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law."  Pomerantz Paper Corp. v. New Community Corp., 207 N.J. 344, 371 (2011) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005)).  An abuse of discretion may occur when "the court's order was 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Lipsky

v. N.J. Assoc. of Health Plans, Inc., 474 N.J. Super. 447, 463-64 (App. Div. 2023) (internal quotation marks omitted) (quoting Wear v. Selective Ins. Co., 455 N.J. Super. 440, 458 (App. Div. 2018)).

Plaintiff argues the judge erred by granting defendant's request for in camera review of the redacted documents without requiring defendant to detail its legal basis for claiming privilege. Plaintiff contends defendant's general statement that "federal law" precluded disclosure of the unredacted documents was insufficient under New Jersey law and she lacked any opportunity to challenge defendant's asserted privileges.

Rule 4:10-2(e)(1) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

"When a requesting party demands information or documents over which the opposing party claims a privilege, the responding party may withhold that information or document as long as it expressly asserts the claimed privilege and details the nature of the information withheld." Brugaletta v. Garcia, 234

6

N.J. 225, 245 (2018) (citations omitted). "Privileged information need not be disclosed provided the claim of privilege is made pursuant to R[ule] 4:10-2(e)." R. 4:17-1(b)(3). "When a requesting party challenges an assertion of privilege, the court must undertake an in camera review of the purportedly privileged document or information and make specific rulings as to the applicability of the claimed privilege." Brugaletta, 234 N.J. at 225.

In its ex parte brief, defendant identified the BSA and its implementing regulations, the bank examination privilege, and federal statutes and rules protecting grand jury secrecy as the legal bases for redacting certain documents.

The BSA

The BSA authorizes the United States Treasury Secretary to "require any financial institution, and any director, officer, employee, or agent of any financial institution, to report any suspicious transaction relevant to a possible violation of law or regulation." 31 U.S.C. § 5318(g)(1). Regulations promulgated by the OCC and FinCEN require banks file a SAR whenever "the bank knows, suspects, or has reason to suspect that: (i) The transaction involves funds derived from illegal activities or is intended or conducted in order to hide or disguise funds or assets derived from illegal activities." 31 C.F.R. § 1020.320(a)(2); see also 12 C.F.R. § 21.11(a) ("This section ensures that

A-0937-25

national banks file a [SAR] when they detect a known or suspected violation of [f]ederal law or a suspicious transaction related to a money laundering activity or a violation of the [BSA].").

The BSA provides that any financial institution reporting a suspicious transaction to the government may not "notify any person involved in the transaction that the transaction has been reported or otherwise reveal any information that would reveal that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(A)(i). The BSA's implementing regulations reflect that "[a] SAR, and any information that would reveal the existence of a SAR, are confidential, and shall not be disclosed except as authorized in this paragraph." 12 C.F.R. § 21.11(k). The regulation further states "[a]ny national bank . . . that is subpoenaed or otherwise requested to disclose a SAR, or any information that would reveal the existence of a SAR, shall decline to produce the SAR or such information, citing this section and 31 U.S.C. § 5318(g)(2)(A)(i), and shall notify [the OCC and FinCEN.]" 12 C.F.R. § 21.11(k)(1)(i).

Rather than citing to 31 U.S.C. § 5318(g)(2)(A)(i), as authorized by 12 C.F.R. § 21.11(k)(1)(i), defendant filed an ex parte brief setting forth its reliance on the BSA and the BSA's implementing regulations as the bases for redacting certain documents.

8

A-0937-25

The confidentiality of a SAR is enforced through criminal and civil penalties. See 31 U.S.C. §§ 5321 to 5322. A financial institution's willful violation of the BSA may result in a fine, payment of a civil penalty to the United States government, or even imprisonment. See 31 U.S.C. § 5322(a)(1).

Based on the foregoing federal statute and its implementing regulations, defendant was understandably reticent to disclose, even to the judge, the specific federal laws justifying its redactions. Under the BSA and its implementing regulations, defendant was required to avoid disclosure of a SAR.[2] However, federal regulations under the BSA allow financial institutions to cite the regulations and the BSA establishing SAR confidentiality in response to any request for disclosure of a SAR or even for information that might reveal the existence of a SAR. See 12 C.F.R. § 21.11(k)(1)(i). Thus, defendant was likely permitted to cite the statutes and regulations upon which it relied without violating SAR confidentiality.

The Bank Examination Privilege

Defendant also relies on the bank examination privilege as a basis for declining to produce the unredacted documents. When defendant advised

_____

[2] Plaintiff acknowledges in her merits brief that defendant asserted its termination of her employment resulted from an alleged fraudulent act, alleged money laundering activity, or both.

A-0937-25

plaintiff it was relying on the bank examination privilege, plaintiff argued the privilege belonged to the OCC, not defendant.

"[T]he bank examination privilege protects only agency opinions and recommendations from disclosure." Schreiber v. Society for Savings Bancorp, Inc., 11 F.3d 217, 220 (D.C. Cir. 1993) (citing In re Subpoena Served Upon the Comptroller of the Currency and the Sec'y of the Bd. of Governors of the Fed. Rsrv. Sys, 967 F.2d 630, 634 (D.C. Cir. 1992)). Because the privilege belongs to the regulator, the regulator "must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion." In re Bankers Tr. Co., 61 F.3d 465, 472 (6th Cir. 1995).

OCC regulations provide that "[a]ll non-public OCC information remains the property of the OCC." 12 C.F.R. § 4.36(d). Thus, "[n]o supervised entity, government agency, person, or other party to whom the information is made available, or any officer, director, employee, or agent thereof, may disclose non-public OCC information without the prior written permission of the OCC." Ibid. Regulations define non-public OCC information to include "[a] record created or obtained . . . [b]y the OCC in connection with the OCC's performance of its responsibilities, such as a record concerning supervision, licensing, regulation, and examination of a national bank." 12 C.F.R. § 4.32(b). Federal courts

10

consider SARs to be non-public information.  See Hasie v. Off. of Comptroller of Currency of U.S., 633 F.3d 361, 366 (5th Cir. 2011).

Therefore, even if defendant is not the proper party to assert the bank examination privilege, defendant may not disclose SARs in its possession because they qualify as non-public information under OCC regulations. Moreover, due to the BSA's confidentiality requirements, defendant could not reveal to plaintiff why and to which documents the bank examination privilege applied because doing so would reveal the existence of a SAR.  See 31 U.S.C. § 5318(g)(2)(A)(i); 12 C.F.R. § 21.11(k).

Grand Jury Secrecy

In its ex parte brief to the trial court, defendant argued grand jury secrecy prevented disclosure of the unredacted documents.  The redacted information reveals the existence of a federal grand jury subpoena describing defendant's actions in responding to a lawfully issued federal subpoena.

Federal Rule of Criminal Procedure 6(e) mandates confidentiality for materials submitted to a grand jury except in limited circumstances.  Under 18 U.S.C. § 1510(b)(2), it is a criminal offense, punishable by fines or imprisonment, for an officer of a financial institution to:

> directly or indirectly notif[y]

A-0937-25

(A) a customer of that financial institution whose records are sought by a subpoena for records; or

(B) any other person named in that subpoena;

about the existence or contents of that subpoena or information that has been furnished in response to that subpoena.

12 U.S.C. § 3420(b)(1) also provides that:

No officer, director, partner, employee, or shareholder of, or agent or attorney for, a financial institution shall, directly or indirectly, notify any person named in a grand jury subpoena served on such institution in connection with an investigation relating to a possible—

(A) crime against any financial institution . . . or

(B) conspiracy to commit such a crime,

about the existence or contents of such subpoena, or information that has been furnished to the grand jury in response to such subpoena.

To the extent portions of the redacted information pertained to information defendant furnished in response to a federal grand jury subpoena, defendant could not reveal to plaintiff the bases for its redactions because such disclosure could "indirectly" reveal confidential information in violation of the above cited federal statutes.

12

A-0937-25

To the extent New Jersey's discovery rules might have compelled defendant to violate federal law governing SAR or grand jury confidentiality, federal law prevails. "The Supremacy Clause 'unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.'" Chepovetsky v. Civello, 472 N.J. Super. 631, 648 (App. Div. 2022) (quoting Gonzales v. Raich, 545 U.S. 1, 29 (2005)). Because the foregoing federal statutes, federal regulations, and federal rules precluded defendant's disclosure of the unredacted information, the judge did not err by declining to compel defendant to produce the documents in unredacted form.

We next address plaintiff's argument the judge failed to make specific findings as to why the redacted documents were privileged. We reject this argument.

"When a New Jersey trial court reviews documents in camera, it must 'make specific determinations regarding plaintiff's access to them, including an expression of reasons for the court's rulings.'" Seacoast Builders Corp. v. Rutgers, 358 N.J. Super. 524, 542 (App. Div. 2003) (quoting Payton v. N.J. Tpk. Auth., 148 N.J. 524, 550 (1997)). "The trial court must examine each document individually, and explain as to each document deemed privileged why it has so ruled." Ibid. (emphasis in original) (citing Payton, 148 N.J. at 524).

A-0937-25

Based on defendant's concern regarding disclosure of the specific federal laws, regulations, and rules upon which it relied to redact the documents, the judge also declined to cite the specific federal laws supporting his decision. Perhaps out of an abundance of caution, the judge simply explained "there [wa]s a basis to keep th[e] information redacted . . . under the . . . laws that were cited by [defendant]."

The judge could have provided a more fulsome explanation in support of his decision. The OCC regulation encourages citation to 12 C.F.R. § 21.11(k)(1)(i) and to the BSA in response to requests for confidential information. Thus, 31 U.S.C. § 5318(g)(2)(A)(i) and C.F.R. § 21.11(k)(1)(i) would likely have allowed the judge to include these citations in denying plaintiff's motion to compel disclosure of the unredacted documents.

Federal courts regularly cite 31 U.S.C. § 5318(g)(2) and its implementing regulations governing the confidentiality of SARs. See e.g., Whitney Nat'l Bank v. Karam, 306 F.Supp.2d 678, 683 (S.D. Tex. 2004) (granting motion for protection over "documents or information that could reveal whether a SAR or other report of suspected or possible violations has been prepared or filed or what it might contain, or the discussions leading up to or following the preparation or filing of a SAR or other form of report of suspected or possible

14

A-0937-25

violations"); <u>Cotton v. PrivateBank & Trust Co.</u>, 235 F.Supp.2d. 809, 815 (N.D. Ill. 2002) (denying motion to compel documents "representing drafts of SARs or other work product or privileged communications that relate to the SAR itself").

We are satisfied the judge correctly denied plaintiff's motion to compel. The judge explained his reasons for doing so in a careful manner to avoid what defendant suggested might constitute the judge's violation of federal laws and regulations. Thus, the judge did not abuse his discretion.

Nor was the judge required to provide a verbatim ruling of his ex parte in camera review of defendant's documents. Nothing in the Rules of Court required the judge to record his thoughts during the review predicated on the ex parte submission for in camera review. To the contrary, <u>Rule</u> 1:2-2 contains an exception for "ex parte motions," eliminating the requirement to place a summary on the record.

Affirmed. The trial court's September 26, 2025 stay order is vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0937-25