In re The ONE BANCORP SECURITIES LITIGATION.

Steven COOPERMAN, James A. Calhoun, Allen Mazerolle, Lawrence A. Green and William R. Eklund, Plaintiffs,

v.

The ONE BANCORP, Frank W. Pape, Jr., Vincent E. Furey, Jr., W. Langedon Bell, Jr., Francis E. McFarland and Ernst & Young, Defendants.

Master Civ. File No. 89–0315 P.

United States District Court,
D. Maine.

Feb. 14, 1991.

Jack H. Simmons, Jeffrey A. Thaler, Berman Simmons & Goldberg, Lewiston, Me., Robert B. Sugarman, Jeffrey S. Abraham, Milberg Weiss Bershad Specthrie & Lerach, New York City, and Gerald Rodos, Barrack, Rodos & Bacine, Philadelphia, Pa., for plaintiffs.

Robert S. Frank, Verrill & Dana, Portland, Me., for all defendants except Arthur Young & Co.

Kevin G. Libby, Monaghan Leahy Hochadel & Libby, Portland, Me., and John Matson, and William P. Hammer, Ernst & Young, New York City, for Arthur Young & Co.

## MEMORANDUM OF DECISION AND ORDER ON MOTIONS FOR DISCOVERY ORDERS

GENE CARTER, Chief Judge

Plaintiffs bring this action against The One Bancorp (a bank holding company), Ernst & Young (One Bancorp's accounting firm), and individual directors and officers

of One Bancorp. Plaintiffs allege that Defendants knowingly or recklessly failed to disclose material adverse information concerning One Bancorp's financial performance and condition. Plaintiffs allege that Defendants' failure to disclose that information artificially inflated the market price of One Bancorp's common stock and convertible debentures. Plaintiffs further allege that Defendants' nondisclosure deceived Plaintiffs and the investing public regarding One Bancorp's financial condition, causing Plaintiffs to purchase or otherwise acquire One Bancorp stock or convertible debentures at inflated prices. Plaintiffs also assert that Arthur Young, the predecessor of Defendant Ernst & Young, falsely stated in its audit opinions and reports that its examinations of One Bancorp's financial statements had been conducted in accordance with Generally Accepted Auditing Standards and that the financial statements fairly presented One Bancorp's financial position and results in accordance with Generally Accepted Accounting Principles.

Plaintiffs' four-count consolidated amended complaint alleges: (I) violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder; (II) violations of Section 20(a) of the Securities Exchange Act of 1934; (III) common law fraud; and (IV) negligent misrepresentation.

The Court now has before it three discovery disputes. First, Defendant Ernst & Young moves to compel Plaintiff Green to reappear to answer questions that he refused to answer at his first deposition. In the same motion, Ernst & Young seeks an order compelling Plaintiffs to answer numerous interrogatories.

Plaintiffs have filed two motions to compel production of documents. The first seeks an order compelling Defendant One Bancorp and the individual Defendants to produce documents in accordance with Plaintiffs' first set of requests for production of documents. Plaintiffs' second motion seeks a similar order against Defendant Ernst & Young.

## I. *Motion of Defendant Ernst & Young*

### A. *Interrogatories*

Ernst & Young seeks an order compelling Plaintiffs to answer its first set of interrogatories. Plaintiffs objected to most of the interrogatories propounded by Ernst & Young on the grounds that they were premature, unduly burdensome, and vexatious. In its memorandum in support of its objection to the motion to compel, Plaintiffs argue that these interrogatories are "contention" interrogatories, and that Defendants will not be prejudiced by having to wait for answers until after Plaintiffs have completed all of their discovery. Plaintiffs assert that "[i]n order to avoid waste of substantial time, money and energy, adequate opportunity for discovery should be permitted before requiring a party to answer contention interrogatories."

The Federal Rules of Civil Procedure contemplate that "[u]nless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery." Fed.R.Civ.P. 26(d). The Rules also provide that "[a]n interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed.R.Civ.P. 33(b). Rule 33(b) expressly authorizes contention interrogatories which are "otherwise proper," but the Court, in its discretion, may allow answers to that type of interrogatory to be deferred until other discovery is complete.

After careful consideration of the written submissions and other materials on file, the Court finds no sufficient justification to grant Plaintiffs the delay they seek and the request is therefore DENIED. The Court strongly suspects that counsel for Plain-

tiffs have expended more time in arguing this motion than would have been necessary to answer the interrogatories in the first instance. Consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs must have some factual basis for the allegations in their complaint. Plaintiffs must answer Ernst & Young's interrogatories with such information as they now possess; furthermore, Plaintiffs should supplement their responses to reflect new information developed as their own discovery progresses. *See* Fed.R.Civ.P. 26(e). Each party shall bear his own costs associated with this portion of Ernst & Young's motion to compel production.

### B. *Deposition of Plaintiff Green*

■ Ernst & Young asserts that Green, on the advice of counsel, failed to answer 92 questions at his first deposition. Counsel for Green objected to numerous questions posed at the deposition on the basis of attorney-client privilege, the work product rule, and relevancy (claiming that the questions were "beyond the scope of discovery"). In opposing this motion, Plaintiff Green advances only the relevancy objection.

Federal Rule of Civil Procedure 30(c) provides that at a deposition, evidence to which objection has been made "shall be taken subject to the objection." In rare circumstances, upon a showing that the deposition examination is being conducted

in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent, the deponent or his counsel may adjourn and move for an order halting the deposition or limiting its scope. *See* Fed.R.Civ.P 30(d).

■ The Court has carefully examined the transcript of Green's deposition and concludes that Green should appear to resume the deposition.[1] This portion of Ernst & Young's motion is GRANTED. The Court's examination of Green's deposition transcript, however, reveals that participating counsel require guidance as to how that deposition is to be conducted. Green shall appear to be deposed by Ernst & Young within twenty (20) days of the date of this order. Counsel for Green shall allow Green to answer all questions, absent a claim of privilege, and counsel shall state on the record a fact-specific basis for any claim of privilege sufficient to permit the Court to determine the validity of the claim. Counsel for Ernst & Young shall ask questions which are designed, in good faith, to elicit information which is relevant or which is calculated to lead to relevant evidence.[2] Counsel for Ernst & Young shall not pose questions he knows are likely to require disclosure of information subject to some privilege, unless he has a good-faith belief that a waiver of such a privilege has occurred.[3] Green and his

---

1. The Court rejects Green's assertion that his deposition was for class certification purposes only. At the deposition, Green's counsel acknowledged that the deposition was a full merits deposition. *See* Green Transcript at 9.

2. It is clear to the Court that some of the questions posed to deponent Green were prompted by Plaintiffs' failure to respond to Ernst & Young's first set of interrogatories. The Court anticipates that in light of its order requiring those interrogatories to be answered, many of the questions will be rendered unnecessary.

   If Green or his counsel has a well-founded and good-faith belief that counsel for Ernst & Young is conducting the deposition in bad faith or in an unduly harassing manner, he shall state the reasons for that conclusion on the record, suspend the taking of the deposition, and move for an appropriate court order. The Court expects that such a procedure will not be necessary.

3. At Green's first deposition, Green's counsel instructed him not to answer questions concerning his financial ability to maintain this class action. Ernst & Young contends that such information is necessary to the Court's determination, under Rule 23(a) of the Federal Rules of Civil Procedure, of the adequacy of the representative parties in this litigation. Counsel for Green has represented that his law firm is advancing the costs of this litigation, including costs of notice to the class. *See* Plaintiffs' Memorandum of Law in Opposition to Defendant Ernst & Young's Motion to Compel Answers to Discovery Requests, at 10. Such an agreement, however, is contrary to the rules of professional conduct applicable in this Court. *See* Local Rule 5(d); Maine Bar Rules 3, 8. The Court finds that information concerning Green's financial ability to maintain the action is relevant to the Court's determination under Rule 23 of the Federal Rules of Civil Procedure, and thus Green must answer questions pertinent to that issue.

counsel may file, within twenty (20) days of the date of this order, a memorandum of law, in accordance with Local Rule 19, not to exceed ten (10) pages, showing why the Court should not tax costs against them in accordance with Federal Rule of Civil Procedure 37(a)(4). Counsel for Ernst & Young may file a responding memorandum of law on this issue, not to exceed ten (10) pages, within ten (10) days of receipt of Plaintiff's memorandum.

## II. *Plaintiffs' Motion to Compel Defendant One Bancorp*

Plaintiffs filed a request for production of documents by all Defendants on April 10, 1990. One Bancorp and the individual Defendants oppose that motion, arguing that federal and state confidentiality laws prohibit disclosure of some of the requested documents. They also object to production of another category of documents on the grounds of undue burden.

### A. *FDIC Examination Reports*

■ Plaintiffs seek to obtain from One Bancorp examination reports prepared by the Federal Deposit Insurance Corporation (FDIC). The FDIC furnished those reports to the One Bancorp pursuant to its implementing regulations, 12 C.F.R. Part 309, under the Freedom of Information Act, 5 U.S.C. § 552. Those regulations exempt from public disclosure bank examination reports prepared by or for the FDIC. *See* 12 C.F.R. § 309.5(c)(8). The regulations permit the FDIC, in its discretion, to disclose the contents of the reports to the depository institution, *see* 12 C.F.R. § 309.6(c)(1), but such reports remain the property of the FDIC and may not be disclosed or made public by the institution. 12 C.F.R. § 309.6(c).

The FDIC regulations explicitly state that its reports and documents remain the property of the FDIC and that they may not be released without its consent. The Court concludes that the bank examination reports are not in the "custody, possession or control" of One Bancorp within the meaning of Rule 34 of the Federal Rules of

Civil Procedure, and thus they are not discoverable by Plaintiffs.[4] The motion is DENIED.

### B. *Maine Bureau of Banking Examination Records*

■ Plaintiffs also seek from One Bancorp examination reports prepared by the Maine Bureau of Banking. One Bancorp argues, citing 9–B M.R.S.A. § 226, that it is prohibited under Maine law from producing those records.

One Bancorp is required by Maine statutory law to maintain records of various financial transactions, *see* 9–B M.R.S.A. § 224, and it may have obtained Maine Bureau of Banking examination reports pursuant to 9–B M.R.S.A. § 226(3). In either case, One Bancorp is prohibited from disclosing that information, except as authorized by the superintendent of the Bureau or in accordance with Title 9–B of the Maine Revised Statutes. *See* 9–B M.R.S.A. § 224(2)(C); 9–B M.R.S.A. § 226(3). The Court concludes, on the present record, that One Bancorp is not in "custody, possession or control" of the documents, and thus Plaintiffs are not entitled to their production from One Bancorp. The motion is DENIED.

### C. *Maine Confidentiality Statute*

■ One Bancorp objects to production of another category of documents sought by Plaintiffs on the ground that Maine law prohibits their disclosure. The Maine statute on which One Bancorp relies provides:

A fiduciary institution may not disclose to any person, except to the customer or his duly authorized agent, any financial records relating to that customer of that fiduciary institution unless:

1. Authorized Disclosure. The customer has authorized disclosure to the person; or

2. Disclosure in response to legal process. The financial record are disclosed in response to a lawful subpoena, sum-

---

**4.** Plaintiffs sought unsuccessfully to obtain those documents from the FDIC directly. Plaintiffs are free to pursue those documents, in an appropriate forum, from the FDIC.

mons, warrant or court order which meets the requirements of section 163. 9-B M.R.S.A. § 162.

Section 163 provides in pertinent part: A fiduciary institution shall disclose financial records under section 162 pursuant to a subpoena, summons, warrant or court order which on its face appears to have been issued upon lawful authority only if the subpoena, summons or court order is served upon the customer prior to disclosure by the fiduciary institution. The person requesting the disclosure shall certify in writing to the fiduciary institution the fact that the subpoena, summons, warrant or court order has been served upon the customer. The court for good cause shown may delay or dispense with service of the subpoena, summons, warrant or court order upon the customer.

. . . .

9-B M.R.S.A. § 163.

■ The statute contemplates that the records in question will be available pursuant to a lawful court order under appropriate conditions.[5] In the circumstances of this case, the Court finds good cause to dispense with service upon the customer. The requested materials are highly relevant to the issues in this litigation. Moreover, Plaintiffs are not in possession of the names or addresses of the customers, making prior notice upon the customers impossible. Finally, the parties have entered into a confidentiality stipulation which, it appears, will serve to protect the privacy interests of One Bancorp's customers.

One Bancorp has by affidavit indicated that the withheld documents are assembled in thirty-five cartons. Plaintiff argues that it merely wishes to gain access to those files. One Bancorp shall, within twenty (20) days of the date of this order, make those cartons available for Plaintiffs' inspection. The motion to compel is GRANTED as to those materials.

### D. *Undue Burden*

■ Plaintiffs seek documents on which One Bancorp relied in preparing various financial statements. One Bancorp has agreed to produce the working files relating to these statements, but argues that it would be unduly burdensome to search the files of the individuals involved in preparing those reports. One Bancorp has agreed to produce any document which subsequent discovery discloses was relied upon in preparing such financial statements. The Court is satisfied that it would be unreasonably burdensome to require One Bancorp to produce more than the working files, and thus Plaintiffs' motion to compel is DENIED with respect to those requests.

The parties shall bear their own costs associated with Plaintiffs' motion to compel production from One Bancorp.

### III. *Plaintiffs' Motion to Compel Defendant Ernst & Young*

Plaintiffs move to compel Ernst & Young to produce documents in accordance with Plaintiffs' first request for production of documents. Ernst & Young opposes the motion on several grounds.

Initially, the Court notes that Ernst & Young has refused, without asserting a plausible argument for its position, to produce any documents until this Court has ruled on each of its objections. The Court directs Ernst & Young to immediately produce those documents to which it has no objection. The Court will now address each disputed document request individually.

### A. *Document Request Numbers 1 and 25*

Ernst & Young objects to Document Request numbers 1 and 25 on the ground that the requests are overly broad and burdensome. It has not explained the basis for that conclusion; indeed, it seems to have agreed to production of most of the requested materials. The Court is unable to

---

**5.** Plaintiffs advanced for the first time in their reply memorandum the argument that the Maine confidentiality statute does not apply to this question. The Court does not address that argument, as it should have been raised in Plaintiffs' first memorandum in support of the motion.

determine to what documents or types of documents Ernst & Young now objects, and thus Plaintiffs' motion with respect to requests 1 and 25 is GRANTED. *See Cutler v. Lewiston Daily Sun,* 105 F.R.D. 137, 142 (D.Me.1985) (to sustain an objection that the production of requested information would be unduly burdensome or expensive, the Court must be provided with the information necessary to make that determination).

**B. *Document Requests Numbers 2, 20, and 23***

■■■■■ Plaintiffs move to compel the production of audit plans, programs, and procedures employed by Ernst & Young for the audits it conducted of One Bancorp for the fiscal years 1987, 1988, and 1989. *See* Document Request Number 2. Plaintiffs seek similar documents from Ernst & Young with respect to "clients that are in the same or similar businesses as One Bancorp." *See* Document Request Numbers 20 and 23.

Document request number 2 seeks discoverable evidence and Plaintiffs are entitled to the materials requested therein.[6] This request is GRANTED. Document Request numbers 20 and 23, however, are overly broad and do not seek relevant evidence or information reasonably calculated to lead to admissible evidence, and thus Plaintiffs' motion to compel their production is DENIED.

**C. *Document Requests Numbers 8, 9, and 11***

■■■ These requests essentially seek any and all communications between Ernst & Young and the Board of Directors of One Bancorp or its internal auditing or financial staff. The Court finds these requests facially overbroad and not calculated to produce relevant evidence or to lead to the discovery of relevant information. The Court, therefore, DENIES in part Plaintiffs' motion to compel production of these materials. Plaintiffs are free to submit redrafted requests which narrow the

scope of the materials sought. Ernst & Young has not objected to producing certain categories of documents responsive to these requests. The Court GRANTS Plaintiffs' motion to compel with respect to those documents to which Ernst & Young has not objected.

**D. *Document Request Number 13***

■■■ This request seeks all policies of insurance obtained by Ernst & Young arising out of its accounting services with One Bancorp. Rule 26(b)(2) of the Federal Rules of Civil Procedure expressly entitles Plaintiffs to this information and the Court finds no reason to disregard that rule. The request is GRANTED. Ernst & Young shall furnish to Plaintiffs a schedule of its insurers and policy limits. Ernst & Young shall also make available, upon request, attested copies of any such insurance policies for Plaintiffs' inspection.

**E. *Document Request Numbers 14 and 17***

■■■ Request number 14 seeks "[a]ll documents concerning the compensation received by Ernst & Young for services performed for One Bancorp." Ernst & Young has agreed to provide the amount of the audit fee, but not the amount of fees for management advisory services. The Court concludes that Plaintiffs are entitled to both. The request is GRANTED. The Court also concludes that time sheets, budget summaries, and the like are relevant and must be produced.

Request Number 17 seeks documents such as desk calendars, monthly records, or periodic notes maintained by members of Ernst & Young's audit team for the audits of One Bancorp. Ernst & Young has agreed to produce all workpapers that are responsive to Request Number 17, but argues that production of materials such as desk calendars would be unduly burdensome. It also appears to argue that mate-

---

**6.** Ernst & Young also argues that its internal guidance materials constitute trade secrets. However, the parties in this action have entered a confidentiality stipulation; the Court is satis-

fied that the material requested in request number 2 is relevant or may lead to relevant evidence and that the confidentiality stipulation will protect any propriety information.

rials reflecting fee and billing information are irrelevant.

The Court agrees that production of desk calendars is burdensome. As discussed above, however, the Court concludes that materials involving billing, budgeting, and time summaries are relevant and must be produced. To the extent that time records were maintained on materials such as desk calendars, those materials must be produced. The request is GRANTED as indicated above and DENIED in all other respects.

### F. *Document Request Number 16*

■ By this request Plaintiffs seek evaluations of Ernst & Young personnel who were members of the One Bancorp audit team, including their personnel files. Ernst & Young argues that production of these documents would be unduly burdensome and violative of public policy.

There exists a strong public policy against disclosure of personnel files. Discovery of such files is permissible "if (1) the material sought is 'clearly relevant,' and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." *In re Sunrise Securities Litigation*, 130 F.R.D. 560, 580 (E.D.Pa.1989) (quoting *Matter of Hawaii Corp.*, 88 F.R.D. 518 at 524 (D.C.Hi.1980)). General allegations of negligence do not suffice to render these records discoverable. Plaintiffs must first make an initial, fact-specific showing that Ernst & Young acted negligently in using particular employees on the One Bancorp audit. *See In re Sunrise Securities Litigation*, 130 F.R.D. at 580. Plaintiffs have not made the requisite showing, and thus the Court DENIES the motion with respect to these requests.

### G. *Document Request Number 19*

■ Request Number 19 seeks "all documents concerning or showing any business relationship between any current or former Ernst & Young partner or employee and One Bancorp." Ernst & Young asserts that this request is overly broad and that the administrative burden of complying with the request is prohibitive. The Court agrees. In the absence of a fact-specific allegation showing a likelihood that the requested material would be relevant, the Court DENIES, without prejudice to reassertion on a more complete record, Plaintiffs' motion to compel production with respect to Request number 19.

### H. *Document Request Number 22*

■ By this request Plaintiffs seek documents relating to services performed by Ernst & Young for borrowers of One Bancorp. Finding the requested information overbroad, burdensome, and irrelevant, the Court DENIES Plaintiffs' motion to compel production with respect to this request.

### I. *Document Request Number 26*

Ernst & Young states in its memorandum in opposition to Plaintiffs' motion to compel production that "this issue is probably moot" because it has agreed to produce the requested documents. Because the original objection was based on an assertion that production of the requested documents would be unduly burdensome, and because Ernst & Young has not demonstrated that production would be burdensome, the Court GRANTS Plaintiffs' motion to compel with respect to this request.

### J. *Document Requests Numbers 27 and 28*

The Court finds that these requests are overly broad, and thus it DENIES Plaintiffs' motion to compel with respect to them. Plaintiffs are free to submit revised requests which are more narrowly tailored to the issues in this litigation.

### K. *Costs*

Within twenty (20) days of the date of this order, counsel for Ernst & Young, as well as counsel for Plaintiffs, may submit memoranda of law, not to exceed ten (10) pages, with respect to the issue of taxing of the costs associated with this motion pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure.

### IV. *Order*

It is hereby ORDERED that discovery shall proceed in accordance with this memorandum of decision. The Court cautions counsel that every effort should be made to resolve discovery disputes before seeking

judicial intervention. The Court has neither the resources nor the patience to monitor every step in the discovery process, and it will not hesitate to award costs and sanctions if it finds that the process is being abused or conducted in bad faith. Counsel are advised to meet to resolve any remaining discovery disputes in a spirit of cooperation and good faith.

SO ORDERED.