**In re THE ONE BANCORP SECURITIES LITIGATION.**

**Steven COOPERMAN, James A. Calhoun, Allen Mazerolle, Lawrence A. Green, and William R. Eklund, Plaintiffs,**

**v.**

**THE ONE BANCORP, Frank W. Pape, Jr., Vincent E. Furey, Jr., W. Langedon Bell, Jr., Francis E. McFarland, and Ernst & Young, Defendants.**

**Civ. No. 89–0315 P.**

**United States District Court, D. Maine.**

**April 9, 1991.**

Michael D. Gottsch of Greenfield & Chimicles, Haverford, Pa., for Lawrence A. Green.

Robert S. Frank, Verrill & Dana, Portland, Me., for all defendants except Arthur Young & Co.

Kevin G. Libby, Monaghan, Leahy, Hochadel & Libby, Portland, Me., John Matson, William P. Hammer, Ernst & Young, New York City, for Arthur Young.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

On February 14, 1991 this Court ruled on three separate motions for discovery orders brought by parties to this litigation. *See In re The One Bancorp Securities Litigation*, 134 F.R.D. 4 (D.Me.1991). The issue now before the Court is the allocation of expenses associated with portions of those motions.

### I.

Rule 37(a)(4) of the Federal Rules of Civil Procedure governs awards of expenses associated with motions for orders compelling discovery. The rule states:

> (4) **Award of Expenses of Motion.** If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

## II. *Defendant Ernst & Young's Motion to Compel Discovery*

■ The Court granted that part of Defendant Ernst & Young's motion which sought to compel Plaintiff Green to reappear to resume his deposition. The Court rejected the argument, advanced by Green's counsel, that the deposition was intended for class certification purposes only because counsel acknowledged on the record that it was a full merits deposition. Counsel for Green asserts the same argument here on the issue of costs; the Court has not altered its view on the question.

Counsel for Plaintiff Green advised Green not to answer numerous questions, thus necessitating Ernst & Young's motion. Counsel's instruction to Green not to answer on grounds of relevance was improper.[1] The Court finds that opposition to the motion was not substantially justified and that no other circumstances exist which would make an award of expenses unjust. The Court thus directs counsel for Plaintiff Green to pay to Defendant Ernst & Young the reasonable expenses Ernst & Young incurred in obtaining the Court's order.

■ Ernst & Young represents that it expended 19.6 hours preparing the motion to compel discovery from Plaintiffs. That effort was incurred in obtaining the order compelling answers to interrogatories as well as the order compelling Green to resume his deposition; only the expenses associated with the latter order are at issue here. The Court, having ruled on the merits of the motion, is quite familiar with the legal memoranda submitted by Ernst & Young in support of the motion. The Court finds that Ernst & Young's effort in obtaining the order compelling Green to resume his deposition represents a reasonable expenditure of time by competent trial counsel of 10 hours. William Hammer, Assistant General Counsel for Ernst & Young, prepared the motion. Mr. Hammer represents that his hourly billing rate at the time he prepared the motion was $225.

---

1. At Green's deposition, counsel for Green also asserted objections based on attorney-client privilege and the work product doctrine. Counsel abandoned those grounds of objection when arguing its opposition to Ernst & Young's motion to compel.

The Court presumes, however, that Mr. Hammer is a salaried employee of Ernst & Young and that he normally does not maintain client accounts that would require him to charge his employer, or anyone else, for his legal services. In any event, the Court finds that a reasonable hourly rate for the legal services performed here is $125. Accordingly, counsel for Plaintiff Green is hereby *ORDERED* to pay to Ernst & Young the sum of one thousand two hundred fifty dollars ($1,250.00).

### III.  *Expenses Relating to Plaintiffs' Motion to Compel Defendant Ernst & Young*

█ In the Court's view the parties should have been able to resolve the disputed document requests short of judicial intervention. Each side now argues that the conduct of the other was not in good faith. The Court suspects that neither side acted in the spirit of cooperation and good faith which is contemplated by the discovery rules and which, indeed, is necessary to avoid the type of expensive and time-consuming motion practice that ensued here. The Court finds that Ernst & Young's refusal to submit any documents until the Court had ruled on each of its objections was unwarranted; had it provided discovery materials, many of the parties' disputes may have been resolved. For their part, counsel for Plaintiffs were unwilling to compromise on any of their document requests, even though a number of those requests were facially overbroad, irrelevant, and not calculated to lead to the discovery of admissible evidence.

In the circumstances, the Court finds it just to let each side bear its own expenses associated with bringing and opposing this motion.

So ORDERED.