THOMPSON, Presiding Judge.
Aramark Management Services Limited Partnership (“Aramark”) petitions this court for a writ of mandamus directing the Montgomery Circuit Court (“the trial court”) to set aside an order denying Ara-mark’s motion for a protective order and *409 to enter an order precluding Yvonne Mitchell from obtaining personnel records or eliciting testimony regarding the contents of personnel records from Aramark regarding its current and/or former employees. For the reasons set forth below, we grant the petition in part and issue the writ.
The materials the parties submitted in support of and in opposition to the petition indicate the following. Aramark employed Mitchell to work as a “sanitation worker” at Flowers Bakery (“the bakery”) in Montgomery. On August 31, 2012, Mitchell was cleaning a machine in the bakery when her left hand was caught in the machine. Mitchell lost her left index finger in the accident.
As a result of her injury, Mitchell filed a civil action against Aramark alleging a claim seeking workers’ compensation benefits. In the same action, Mitchell alleged a product-liability claim against Moline Machinery, Ltd., which manufactured the machine that caused Mitchell’s injury. Also named in the action are a number of fictitiously named defendants, who are described as co-employees of Mitchell’s who allegedly removed a safety device from the machine.
Litigation of this action is in the discovery phase. Mitchell has propounded interrogatories on Aramark. One of the interrogatories requested the identity of “any and all individual(s) or entity [sic] responsible for removing a safety device on the subject machine.” Aramark objected to the interrogatory to the extent that it was overly broad, unduly burdensome, or sought information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Aramark went on to say that, without waiving its objection, it did not know the identity of any such person.
A second interrogatory sought information as to whether any employee of Ara-mark had been disciplined for his or her role in Mitchell’s injury and requested information regarding the identity of any such employee, any rule he or she might have violated, and any disciplinary action taken against that employee. Again, Ara-mark objected on the same grounds as it had to the previous interrogatory discussed.
During a deposition of Chris Harris, an Aramark employee who worked at the bakery, Harris identified five employees— including himself — whose employment with Aramark had been suspended or terminated because either they had removed safety devices from the machine in the past or they had known that the safety devices had been removed.
Mitchell noticed the deposition of Ara-mark’s corporate representative. In the notice, Mitchell stated that, in the deposition, she would be seeking the same information about employees who might have had a part in causing her injuries as she had in her interrogatories to Ara-mark. Mitchell also sought the personnel files of those employees. On learning what information Mitchell was seeking to elicit during the deposition of the corporate representative, Aramark canceled that deposition. On March 6, 2014, Ara-mark filed a motion asking the trial court for a protective order that would preclude its personnel files from discovery. The trial court denied the motion the next day, March 7, 2014, before Mitchell had the opportunity to file a response to the motion.[1] Aramark then filed its petition *410 for a writ of mandamus asking this court to direct the trial court to enter the requested protective order.
A writ of mandamus will be issued when there is
“ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 818 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).”
Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala.2004).
As to issues involving discovery disputes, our supreme court has written:
“ ‘ “Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co.. v. Rice, 585 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion,' and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.”
“ ‘Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003).
“ ‘Moreover, this Court will review by mandamus only those discovery matters involving (a) the disregard of a privilege, (b) the ordered production of “patently irrelevant or duplicative documents,” (c) orders effectively eviscerating “a party’s entire action or defense,” and (d) orders denying a party the opportunity to make a record sufficient for appellate review of the discovery issue. 872 So.2d at 813-14....’
“Ex parte Meadowbrook Ins. Group, Inc., 987 So.2d 540, 547 (Ala.2007).”
Ex parte Mobile Gas Serv. Corp., 123 So.3d 499, 504 (Ala.2013). Accordingly, we must determine whether the trial court exceeded its discretion in denying Ara-mark’s request for a protective order.
In its petition, Aramark contends that discovery of personal and confidential information regarding its employees and former employees is prohibited under Alabama law except under certain limited circumstances. In support of its contention, Aramark relies on Ex parte Liberty Mutual Insurance Co., 92 So.3d 90 (Ala.Civ.App.2012).
In Liberty Mutual, this court applied what is called “the rule-of-reason test” to determine whether personnel files are discoverable. Id. at 102. In adopting that test, this court quoted favorably from an opinion of the United States District Court for the District of Maine:
“ ‘There exists a strong public policy against disclosure of personnel files. Discovery of such files is permissible” if (1) the material sought is ‘clearly relevant,’ and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable.” In re Sunrise Securities Litigation, 130 F.R.D. 560, *411 580 (E.D.Pa.1989) (quoting Matter of Hawaii Corp., 88 F.R.D. 518[,] 524 (D.C[Haw.]1980)). General allegations ... do not suffice to render these records discoverable. Plaintiffs must first make an initial fact-specific showing.... See In re Sunrise Securities Litigation, 130 F.R.D. at 580.’
“In re One Bancorp Sec. Litig., 134 F.R.D. 4, 12 (D.Me.1991).”
Liberty Mutual, 92 So.3d at 102.
In Liberty Mutual, the plaintiff sought entire personnel files of all Liberty Mutual employees who were involved in the handling of his insurance claim. He specifically sought the resumes, licenses, certificates, and continuing-education records of those employees. Furthermore, the plaintiff sought documents pertaining to complaints and reprimands of those employees. As Aramark did in this case, Liberty Mutual argued that the plaintiffs discovery requests were overly broad and unduly burdensome and stated that the requested documents were irrelevant, immaterial, and not likely to lead to the discovery of admissible evidence. Liberty Mutual also argued that the documents requested by the plaintiff were confidential because they contained personal information and that the production of such information would be an invasion of its employees’ privacy. The trial court granted the plaintiffs requests for production, thus ordering Liberty Mutual to produce the personnel files.
On mandamus review, this court found that the plaintiff had not named any Liberty Mutual employee as a defendant in the action or alleged that Liberty Mutual had negligently hired, retained, or supervised any of the employees who had handled the plaintiffs claim. Therefore, this court stated that the employees’ resumes, credentials, general training, etc., were not relevant to the plaintiffs tort-of-outrage claim asserted against Liberty Mutual. This court then concluded that the trial court had exceeded its discretion in ordering the production of the entire contents of those personnel files. Still, this court stated that
“[a]ny information contained in the employees’ personnel files that specifically relates to their handling of [the plaintiffs] workers’ compensation claim, any information regarding any training they received to assess medical necessity or to deny Alabama workers’ compensation medical claims on grounds other than those set out in this state’s applicable laws and regulations, and any information that they received incentives, rewards, or the like for furthering the alleged unlawful scheme to deny Alabama workers’ compensation medical benefits to injured workers in this state would be relevant to prove Liberty Mutual’s alleged outrageous conduct and would be discoverable because that information would not be available to [the plaintiff] from other sources.”
Ex parte Liberty Mut. Ins. Co., 92 So.3d at 103. Therefore, this court ordered the trial court in Liberty Mutual to revise its order to limit discovery to the portions of the personnel files that meet the rule-of-reason test.
In this case, the trial court denied Aramark’s request to withhold from discovery the personnel files of its current or past employees before it had heard from Mitchell as to why the challenged discovery was relevant or whether the information Mitchell hoped to glean from the challenged discovery could be “readily obtainable” from another source. Liberty Mutual, 92 So.3d at 102. Based on this court’s holding in Liberty Mutual, once Aramark challenged its obligation to produce all or any portions of its employees’ personnel files to Mitchell, Mitchell was required to “ ‘first make an initial fact- *412 specific showing’ ” that the files she was seeking meet the rule-of-reason test before the trial court could properly order Aramark to produce those files or any portion of those files. Liberty Mutual, 92 So.3d at 102. That was not done in this case. Accordingly, we conclude that the trial court exceeded its discretion in summarily ordering Aramark to produce the requested personnel files.
Our holding is not to be read as a blanket prohibition of production of the personnel files. Instead, the trial court is to follow the procedure set forth in Liberty Mutual to ensure that only relevant portions of employee personnel files are provided to Mitchell, while at the same time assuring “the broadest discovery” to her. 92 So.3d at 103. That procedure calls for the personnel files of the Aramark employees, if any, identified as having been involved in the removal of safety devices from the machine at issue to be produced in their entirety to the trial court for an in camera review so that the trial court can determine those documents that should be removed, or portions of which should be redacted, to prevent disclosure of irrelevant, sensitive, confidential, or private information — such as Social Security numbers, bank-routing and account numbers, insurance-contract numbers, and the like— and to determine which documents should be disclosed as falling within the parameters of this court’s opinion. Once the relevant documents or portions of documents are produced, they should be subject to a protective order limiting the dissemination of the information in the personnel files. See Liberty Mutual, 92 So.3d at 103-04.
For the reasons set forth above, we grant Aramark’s petition for a writ of mandamus in part, and we issue the writ, instructing the trial court to vacate its March 7, 2014, order' denying Aramark’s motion for a protective order prohibiting the production of personnel files and further instructing the trial court to reconsider that motion in accordance with the procedure set forth in this opinion.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. On March 18, 2014, more than a week after the trial court had denied Aramark's motion, Mitchell filed a motion in opposition to the motion for a protective order. There is nothing in the materials before us indicating what *410 action, if any, the trial court took as a result of receiving Mitchell’s opposition motion.