MAIN, Justice.
Fairfield Nursing and Rehabilitation Center, LLC (“Fairfield”); D & N, LLC (“D & N”); DTD HC, LLC (“DTD”); Aurora Cares, LLC (alleged to be doing business, and herein sometimes referred to, as “Tara Cares”); and Aurora Healthcare, LLC (“Aurora”) (hereinafter sometimes referred to collectively as “the defendants”), petition this Court for a writ of mandamus, directing the trial court to vacate its February 6, 2015, order denying their “Motion to Quash Depositions and Motion for Protective Order, and Motion to Reconsider January 30, 2015[,] Order.”[1] The defendants also request that we direct the trial court to grant their motion. We grant the petition and issue the writ.
J. Facts and Procedural History[2]'
On September 25, 2006, Myrtis Hill (“Hill”)[3] filed an action in the Jefferson *925 Circuit Court, Bessemer Division, against Fairfield; D & N; DTD; Donald T. Denz (“Denz”); Norbert A. Bennett (“Bennett”); Tara Cares; and Aurora.[4] In the complaint, Hill asserted:
“4. In May 2006 ... Hill ... was a patient at [Fairfield]. At the time of admittance^] [Fairfield] undertook and agreed to provide [Hill] with all necessary and proper care for [Hill’s] physical health, and medical needs.
“5. On [Hill’s] admittance to [Fair-field], [Hill] had no broken bones.
“6. On May 10, 2006, ... Hill ... suffered a broken leg while under the care of [a Fairfield] employee, [who,] while attempting to transfer [Hill to a bedside commode], negligently dropped her to the floor thereby breaking [Hill’s] right leg and causing severe injury to both of her legs.
“7. Upon information and belief, Defendants, their employees, and assigns negligently used said lift in attempting to lower [Hill,] thereby deviating from their own safety rules as well as those imposed by state and federal regulations.”
In addition to the medical-negligence claim, Hill also stated a claim of “breach of contract/piercing the corporate veil.”[5]
Between August 2009 and October 2009, Hill deposed, among other persons, Chance Becnel, the corporate representative of Tara Cares; Denz, the corporate representative of both DTD and Aurora; and Bennett, the corporate representative of D & N.[6] Hill also deposed Denz and Bennett in their individual capacities in 2009; additionally, Hill deposed 14 Fair-field employees and 2 other Tara Cares employees.
The defendants moved the trial court for a summary judgment; after holding a hearing, the trial court denied the motion. Subsequently, the defendants moved the trial court to “reconsider” its denial of their summary-judgment motion. On November 13, 2009, the trial court granted *926 the summary-judgment motion in part, entering a summary judgment in favor of all the defendants except Fairfield. The case against Fairfield proceeded to a jury trial. After Hill concluded her case,' Fairfield moved for a judgment as a matter of law; the trial court granted Fairfield’s motion on November 24, 2009. Hill subsequently moved the trial court to alter, amend, or vacate its judgment; the trial court denied Hill’s motion on January 5, 2010. Hill timely appealed to this Court. We reversed both the summary judgment in favor of all the defendants except Fairfield and the judgment as a matter of law in favor of Fairfield, and we remanded the cause to the trial • court for further proceedings, i.e., a new jury trial on Hill’s medical-negligence claim and, if necessary; and only after the completion of the medical-negligence action, a bench trial on Hill’s piercing-the-corporate-veil claim.[7] Hill v, Fairfield Nursing & Rehab. Ctr., LLC, 134 So.3d 396, 411 (Ala.2013).
On January 27, 2015, Hill filed a document entitled “Motion to Compel the Deposition of all Corporate Defendant Representatives, or in the Alternative to Strike the Newly Named [Defendants’] Experts.” In that filing, Hill argued that Hill should be permitted-to redepose all the defendants’ corporate representatives because, Hill said, “facts may have changed that [Hill] would need to know about prior to trial.” Alternatively, Hill argued that the trial court shquld strike the “newly named experts” the defendants had disclosed as persons who would be testifying at trial. On January 30, 2015, Hill filed a document entitled “Second Motion to Compel the Deposition of all Corporate Defendant Representatives,” essentially restating the same arguments presented in the first motion to compel.
• Also on January 30, 2015, the defendants filed a document entitled “Response to [Hill’s] Motion to Compel and Motion to Strike, and Defendants’ Motion for Protective Order.” In that filing, the defendants argued, in sum: (1) that “[Hill] already took the Rule 30(b)[, Ala. R. Civ. P.,] depositions of the corporate defendants in August 2009 and October 2009” and “has provided no justifiable reason, nor does one exist, that entitles [Hill] to take any of these depositions again”; (2) that “[Hill’s] informal request for additional corporate representative depositions amount[s] to nothing more than an attempt to annoy and harass the Defendants that would be unduly burdensome, and lead to unnecessary time and expense,” in contravention of Rule 26(c), Ala. R. Civ. P.; and (3) that the defendants had designated only one new expert, namely, Dr. Lars Reinhart, to testify at trial and had “offered the deposition of Dr. Reinhart on January 29, 2015,” but that “[Hill’s] counsel advised that they did not need to depose Dr. Reinhart and that they would just ‘see him at trial.’ ” On the same day, the trial court entered an order stating: “[Hill’s] Motion To Compel the [Rule] 30(b)(5) & (6) depositions of the Defendant] LLCs is granted and [the defendants are] ordered to comply or suffer imposition of sanctions.”
On February 4, 2015, the defendants filed a document entitled “Defendants’ Motion to Quash Depositions and" Motion for Protective Order, and Motion to Reconsider January 30,. 2015[,] Order” (“motion for a protective order”). The defendants presented four arguments in support of the *927 motion for a protective order. First, the defendants argued:
“[Hill] first issued [the] Deposition Notices seven (7) days before the discovery cutoff mandated by this Court’s Scheduling Order. Because [Hill] faded to initiate the discovery in such a time that the depositions could be completed before the discovery cutoff date, the requested depositions should be quashed and a protective order in favor of Defendants is warranted.”
Second, the defendants argued that “[t]he Depositions should be quashed because they are duplicative of depositions previously taken by [Hill].” Third, the defendants argued that “[t]he depositions should also not proceed because the topics for which the depositions are sought pertain solely to [Hill’s] piercing the corporate veil claim that both this Court and the Alabama Supreme Court have held must be tried separately in equity.” Fourth, the defendants argued that “[they] are entitled to a protective order regarding the depositions because they subject [the] defendants to ‘annoyance, ... undue burden and expense,’” in contravention of Rule 26(c). Also, the defendants moved the trial court to vacate its order compelling the depositions of the defendants’ corporate representatives for the same four reasons. On February 6, 2015,. the trial court denied the motion for a protective order without explaining its reasoning for doing so. The defendants now seek mandamus review.

II. Standard of Review

“A writ of mandamus is- an extraordinary remedy, and is appropriate when the petitioner , can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001).
“ ‘ “Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on.a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to .reverse a trial court’s ruling on a discovery .issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has-an affirmative burden to prove the existence of each of these conditions.”
‘“Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003).
“ ‘Moreover, this Court mil review by mandamus only those discovery matters involving (a) the disregard of a privilege, (b) the ordered production of “patently irrelevant or duplicative documents,” (c) orders effectively eviscerating “a party’s entire action or defense,” and (d) orders denying a party the opportunity to make" a record sufficient for appellate review of . the discovery issue. 872 So.2d at 813-14.’ ”
Ex parte Mobile Gas Serv. Corp., 123 So:3d 499, 504 (Ala.2013) (quoting Ex parte Meadowbrook Ins. Grp., .Inc., 987 So.2d 540, 547 (Ala.2007)). Mandamus review is the appropriate manner by which to challenge the denial of a motion, for a protective order after a trial court has compelled discovery. See Ex parte Community Health Sys. Prof'l Servs. Corp., 72 So.3d 595 (Ala.2011); Ex parte Aramark Mgmt. *928 Servs. Ltd. P’ship, 156 So.3d 407 (Ala.Civ.App.2014).

III. Analysis

A. Subject-Matter Jurisdiction

As an initial matter, we must address the defendants’ rather confusing and misguided argument regarding the trial court’s exercise of subject-matter jurisdiction in this case. The defendants’ argument is unclear. As best we understand, the defendants argue that, because the information Hill seeks from the requested depositions pertains only to the piercing-the-corporate-veil claim that is not yet being adjudicated in the trial court, “[that] court is adjudicating claims for which it has no subject matter jurisdiction.” This argument- is faulty for a number of reasons; among others, this argument is erroneously premised on the defendants’ apparent belief that taking of depositions is the functional equivalent of “adjudicating claims.” That analogy is simply incorrect. Also, taking depositions — potentially—'with regard to the yet-to-be-litigated piercing-the-corporate-veil claim in no way disturbs the trial court’s subject-matter jurisdiction over the pending medical-negligence claim. Furthermore, the defendants have effectively conceded that the trial court has subject-matter jurisdiction in this action; notably, the defendants in their mandamus petition do not seek the dismissal of Hill’s action for lack of subject-matter jurisdiction but seek the issuance of a protective order, which the trial court could not do if it lacked subject-matter jurisdiction. See, e.g., Redtop Market, Inc. v. State, 66 So.3d 204, 206 (Ala.2010) (noting that, when a circuit court lacks subject-matter jurisdiction, all orders and judgments entered in the case, except an order of dismissal, are void ab initio). The defendants’ argument regarding the trial court’s subject-matter jurisdiction in this case is meritless.

B. Merits

The defendants’ arguments on the merits of the petition are more straightforward. The defendants argue, in pertinent part, that the trial court exceeded its discretion in denying the motion for a protective order because, they claim, Hill has offered no compelling reason to support her request to redepose the defendants’ corporate representatives; that the taking of those depositions would provide Hill information that is merely duplicative of the information provided by the corporate representatives during prior depositions; and that the taking of those new depositions would cause the defendants unnecessary “annoyance” and “expense” and would constitute an “undue burden.” We agree.
Rule 26(b)(2)(B), Ala. R. Civ. R, provides that a trial court “shall” limit or prohibit discovery if it determines (1) that the discovery sought is “unreasonably cumulative or duplicative”; (2) “that the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought”; or (3) that the discovery sought is “unduly burdensome.” (Emphasis added.) The party contesting the discovery request must demonstrate the existence of only one of the three reasons for limiting or prohibiting discovery quoted above; in this case, the defendants have demonstrated the existence of all three reasons for prohibiting the requested depositions.
First, the defendants have demonstrated that the requested depositions would be unreasonably duplicative of the depositions already provided by the defendants’ corporate representatives. In their mandamus petition, the defendants set forth nine examples of information Hill is seeking in the requested depositions and demonstrate how the defendants’ corporate representatives have already provided substantial *929 testimony as to all nine of those issues. See Petition, at 6-13. The defendants state that they have provided “only representative examples” of the duplicative nature of requested deposition testimony because, they say, “there are nearly five hundred (500) pages of testimony responsive to the topics” set forth in the petition. Id. at 6. Hill neither provides meaningful response to nor contradicts the defendants’ argument. Instead, Hill merely posits that “[t]he simple truth is that whenever this case gets close to trial, the Petitioners/Defendants improvidently file baseless motions seeking only to delay and deny both the trial and justice.” Respondent’s brief, at 14. See also respondent’s brief, at 17 (“The simple truth is that the Defendants have purposely attempted to derail the trial of this case on two different occasions ... to delay justice and distract the Respondent from trial preparation.”). In fact, Hill goes so far as to allege that “[the defendants’] ‘delays,’ in their eyes, have brought about the intended outcome, i.e.[,] the death' of [Myrtis] Hill....” Id. at 14. Hill’s response to the defendants’ argument is baseless; it does nothing to defeat the defendants’ showing that the requested depositions are unreasonably duplicative of the depositions previously given by the defendants’ corporate representatives.
Second, the defendants have demonstrated that Hill has had “ample opportunity by discovery in the 'action to. obtain the information sought.” As noted, Hill filed the original complaint against the defendants on September 25, 2006. Hill deposed the defendants’ corporate representatives between August 2009 and October 2009. On January 27, 2015, Hill moved the trial court to redepose the defendants’ corporate representatives. This action had been pending for almost 9 years when Hill moved to redepose the defendants’ corporate representatives, and this action is before the trial court after having been addressed by this Court bn three occasions. Furthermore, as previously stated, Hill has already obtained the information she seeks from the corporate representatives. We are clear to the conclusion that Hill has had ample opportunity to obtain, and, in fact, has already obtained, the information sought in the requested depositions.
Third, the defendants have demonstrated that , the discovery would be “unduly burdensome.” Suffice it to say, the time, effort, and financial costs that would be required of the defendants if Hill were allowed to redepose the defendants’ corporate representatives for information already obtained by Hill would be unduly burdensome.
Lastly, we note that Rule 26(c) provides that a trial court may issue a protective order refusing to'compel discovery in order to protect a party from, among other things, “annoyance” and “undue burden and expense.” As stated, allowing Hill to redepose the defendants’ corporate representatives would clearly impose on the defendants an undue burden and expense. Thus, based on the foregoing, we hold that the trial court exceeded its discretion in denying the motion for a protective order. See Rule 26(b)(2)(B), Ala. R. Civ. P.; Rule 26(c), Ala. R. Civ. P.; and Ex parte Industrial Dev. Bd. of City of Montgomery, 42 So.3d 699, 718 (Ala.2010) (“Because the [petitioner] has shown that [the proposed deponent] is not the only source of information about each of the topics on which the plaintiffs sought to depose him and because the plaintiffs have not demonstrated that deposing-[the proposed deponent] is crucial to preparing their cases, the [petitioner] is entitled to a protective order preventing the plaintiffs from. deposing [the proposed deponent].”).-

*930
TV. Conclusion

The defendants have demonstrated “a clear legal right ... to the order sought” and that the trial court clearly exceeded its discretion in denying the defendants’ motion for a protective order. See Ex parte Mobile Gas Serv. Corp., 123 So.3d at 515. Therefore, we. direct the trial court to vacate its February 6, 2015, order denying the motion for a protective order and to enter an order granting the same motion. Hill’s “Motion for Award of Damages based on [the defendants’] pattern and practice of filing frivolous appeals” is denied. We pretermit as unnecessary any discussion of the defendants’ remaining arguments.
PETITION GRANTED; WRIT ISSUED; RESPONDENT’S MOTION FOR DAMAGES DENIED.
STUART, BOLIN, PARKER, WISE, and BRYAN, JJ., concur,
MOORE, C.J., and MURDOCK and ’ SHAW, JJ., dissent.

. The trial court's January 30, 2015, order granted the "Motion to Compel the Deposition of All Corporate Defendant Representatives, or In the Alternative to Strike the Newly Named Experts [for the Defendants]" filed by the original plaintiff below, Myrtis Hill.

. These parties have been before this Court on several occasions. See Ex parte Fairfield Nursing & Rehab. Ctr., L.L.C., 22 So.3d 445 (Ala.2009); Hill v. Fairfield Nursing & Rehab. Ctr., LLC, 134 So.3d 396 (Ala.2013) (opinion on application for rehearing); and Ex parte Fairfield Nursing & Rehab. Ctr., LLC (No. *925 1130955, June 6, 2014) (denial of petition for the writ of mandamus).

. "The complaint also listed Hill's son, Fred Hill, as a plaintiff in the capacity of 'next of friend’ of Myrtis Hill, but Fred Hill later was dismissed as a plaintiff after the parties stipulated that Myrtis Hill was competent.” Hill v. Fairfield Nursing & Rehab. Ctr., LLC, 134 So.3d 396, 399 n. 1 (Ala.2013). Hill died on January 26, 2015. Respondent's brief, at 7. Although the attachments to the petition and the respondent’s brief do not include a "Suggestion of Death” or any filing showing that Hill's son, Fred, was substituted for Hill as the plaintiff in this case, some of the documents attached to the petition and the respondent’s brief that were filed after Hill’s death show the named plaintiff as "Fred Hill, as next friend of [Myrtis] Hill.” For the sake of continuity, in this opinion we continue to refer to the plaintiff as "Hill.”

. Denz and Bennett are no longer parties in this matter. See Hill v. Fairfield Nursing & Rehab. Ctr., LLC, 134 So.3d 396, 399 n. 2 (Ala.2013)("In addition to the defendants listed, Hill at one point asserted claims against several other individuals and one limited liability company, LKC, LLC, not listed. At a hearing on a summary-judgment motion before trial, Hill voluntarily dismissed those other defendants.”).

. The piercing-the-corporate-veil claim will be litigated, if at all, in a separate bench trial after the medical-negligence claim, which will be tried before a jury, has been fully litigated.

. "A party may ... name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf_” Rule 30(b)(6), Ala. R. Civ. P.

. In Hill v. Fairfield Nursing & Rehabilitation Center, LLC, 134 So.3d 39.6, 411 (Ala.2013), this Court noted that " ‘[wjhether the corporate veil of a business entity should be pierced is a matter of equity, properly decided by a judge after a jury has resolved the accompanying legal issues.’” (Quoting Heisz v. Galt Indus., Inc., 93 So.3d 918, 929 (Ala.2012) , (emphasis added).)